## COMMONWEALTH EX REL. v. EDWARD S. WRIGHT.

### PETITION BY WILLIAM MALONE FOR A WRIT OF HABEAS CORPUS.

Argued May 9, 1889—Refused May 13, 1889.

[To be reported.]

1. A convict in the penitentiary will not be discharged by the Supreme Court on writ of habeas corpus, where the records of his conviction show that the ground of his alleged illegal detention arose from the slip or misprision of the clerk in recording his sentence.

2. In such case, the writ will be refused and the petition dismissed, without prejudice, however, to the petitioner's right to apply for such writ to the court in which he was convicted, and the records will be remitted with leave to that court to amend the same as justice may require.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and MITCHELL, JJ.

No. 142 January Term 1889, Sup. Ct.

To the number and term above stated, William Malone presented his petition to the Honorable, the Chief Justice and his Associate Justices of the Supreme Court of Pennsylvania, representing:

That at a Court of Quarter Sessions, held at Ridgway, in and for the county of Elk, in the state of Pennsylvania, on November 19, 1884, four separate indictments were returned against him; that said indictments were numbered 12, 13, 14 and 15 November Sessions 1884. That in the first indictment, to wit, No. 12 November Sessions 1884, your petitioner, with others, was charged in the first count, riot; second count, affray; third count, assault and battery; that on the same day, to wit, November 19, 1884, a nolle prosequi was granted by the court on motion of the district attorney.

That in the second indictment, to wit, No. 13 November Sessions 1884, your petitioner, with others, was charged in the first count, breaking and entering; second count, larceny; third count, receiving stolen goods. That to this indictment your petitioner entered a plea of guilty; that no sentence was imposed on any of the counts of said indictment.

That in the third indictment, to wit, No. 14 November Sessions 1884, your petitioner with others, was charged in the first count, breaking and entering; second count, larceny; third count, receiving stolen goods. That to this indictment your petitioner entered a plea of guilty, and was sentenced to pay a fine of one dollar to the commonwealth and the costs of prosecution, and, upon the first count thereof, to undergo an imprisonment in the Western Penitentiary, in the county of Allegheny, by solitary confinement at labor, for the period of four years; and, on the second count thereof, to undergo an imprisonment in the Western Penitentiary, in the county of Allegheny, by solitary confinement at labor, for the period of three years, and stand committed until sentence was complied with, the sentence to be computed from the first sentence herein.

That in the fourth indictment, to wit, No. 15 November Sessions 1884, your petitioner was charged in the first count, assault and battery; second count, aggravated assault; third count, assault with intent to kill. That to this indictment your petitioner entered a plea of guilty and was sentenced to pay a fine of one dollar to the commonwealth and the costs of prosecution, and to undergo an imprisonment in the Western Penitentiary, by solitary confinement at labor, for the period of four years, to be computed from the expiration of the sentence in No. 12 November Sessions 1884, and to stand committed until sentence was complied with.

That your petitioner has been confined in the Western Penitentiary for the full period of four years, and that said period of four years was fully completed on November 19, 1888. That your petitioner has served the full time to which he was sentenced by the Court of Quarter Sessions of Elk county.

That your petitioner is confined unjustly in the Western Penitentiary, in the county of Allegheny, by Edward S. Wright, warden and keeper of said Western Penitentiary, for some criminal, or supposed criminal, matter, as appears from a copy of the warrants of commitment hereto annexed. To be relieved from which imprisonment your petitioner now applies, praying that a writ of habeas corpus may be issued so that your petitioner may be brought before your Honors, to do, submit to, and receive whatsoever may be right on that behalf. And he will ever pray, etc.

Said petition having been filed, the records of the proceedings against the petitioner in the Court of Quarter Sessions of Elk county were brought up by a writ of certiorari awarded.

*Mr. Charles B. Earley*, for the petitioner.

PER CURIAM:

This was a petition for a writ of habeas corpus. The petitioner is a convict now undergoing sentence in the Western Penitentiary. The record of his trial and conviction in the Court of Quarter Sessions of Elk county, has been brought up by a writ of certiorari, from which we learn that four separate indictments were returned against him, numbered respectively 12, 13, 14 and 15 of November Sessions 1884; that as to the first indictment, No. 12, a nolle prosequi was entered by leave of court; that to No. 13 he pleaded guilty but was not sentenced; that to No. 14 he pleaded guilty and was sentenced to an imprisonment of four years; and that to No. 15 he pleaded guilty and was sentenced to an imprisonment of four years, to be computed from the expiration of sentence on No. 12. The four years having now fully expired, of the sentence on No. 14, the prisoner prays for this writ of habeas corpus in order that he may be discharged from further confinement, the warden of the penitentiary refusing to discharge him.

It is very evident there was a clerical error in recording the sentence on bill No. 15. There was not, and could not have been, a sentence upon bill No. 12, as a nolle prosequi had been entered thereon. We cannot discharge a prisoner, self-convicted of high crimes, upon such a bald technicality as this. At most, it was a mere slip or misprision of the clerk of the court below in recording the sentence. We therefore decline to allow the writ of habeas corpus, but we do so without prejudice to the petitioner's right to apply for such writ to the court of Elk county. We also order the record brought here upon the certiorari to be returned to the Court of Quarter Sessions, with leave to that court to amend its record as to justice shall be right.

Petition dismissed.