## Robert D. McDonald

*v.*

## J. W. Patterson & Co. *et al.*

*Opinion filed April 18, 1901.*

Judgments and decrees—*power of Appellate Court to amend record of judgment after affirmance by Supreme Court.* Where, by inadvertence, the clerk of the Appellate Court incorporates in the judgment an order for costs which was not pronounced by the Appellate Court, and the mistake is not discovered until after the judgment has been affirmed by the Supreme Court, it is within the power of the Appellate Court to amend the record of the judgment, on motion, by expunging the order for costs.

Appeal from the Appellate Court for the Third District, from an order entered by that court expunging an order for costs from its judgment after the judgment had been affirmed by the Supreme Court.

D. D. Evans, and G. M. McDowell, for appellant.

W. J. Calhoun, C. M. Swallow, M. W. Thompson, H. M. Steely, J. H. Lewman, G. F. Rearick, Love & Jewell, and O. M. Jones, for appellees.

Mr. Chief Justice Boggs delivered the opinion of the court:

The appellees filed a bill in chancery in the Vermilion circuit court to establish a mechanic's lien in their favor. A decree was rendered establishing the lien. The cause came into the Appellate Court for the Third District on appeal perfected by the appellant, McDonald, and judgment was entered in said court affirming the decree in part and in part reversing it and not remanding the cause. Said judgment of the Appellate Court contained the following order: "And it is further considered by the court that the said appellant recover of and from

the said appellees costs by him in this behalf expended, and that he have execution therefor." On appeal to this court the judgment of the Appellate Court was affirmed. (*McDonald* v. *Patterson & Co.* 186 Ill. 381.) The judgment of affirmance was entered in this court on the 21st day of June, 1900. On the 19th day of November, 1900, appellees (due notice having been given appellant) presented to the Appellate Court a motion to correct or modify the order appearing in the judgment with reference to the payment of the costs by the appellees. Upon a hearing of this motion the Appellate Court entered judgment finding that no order or judgment for costs had been in fact made or directed by the court as a part of the judgment of said court, and that the order appearing in the judgment purporting to adjudge that the appellant recover from the appellees the costs by him in this behalf expended, and have execution therefor, was inserted in the judgment by mere inadvertence of the clerk of the court, and ordering and adjudging that such order so inadvertently incorporated in the judgment by the clerk should be expunged from the record of the judgment. This is an appeal from said judgment and order of said Appellate Court.

Our Statute of Amendments and Jeofails authorized our courts, at a subsequent term to that at which the judgment was rendered, to amend the record of the judgment in matters of form or for the purpose of the correction of an error or defect which has occurred through the act or omission of the clerk of the court, when such act or omission is merely a clerical error, and not an error of the court in the exercise of judicial discretion or authority. This doctrine is not questioned by counsel for the appellant. Their contention in the Appellate Court was that a judgment having been entered in the Appellate Court against the appellees for costs, and that judgment having been affirmed in this court, the Appellate Court, at a subsequent term, had no jurisdiction to set aside or

modify such judgment. This is the error assigned by the appellant for a reversal.

In 17 Encyclopedia of Pleading and Practice (922) it is said: "A judgment may even be corrected, in respect to misprisions in the entry of it, after it has been affirmed on appeal." In note 3 to the text, decisions as in support of the rule announced are cited from the courts of last resort in California, Indiana, Louisiana, New York, Pennsylvania and Wisconsin. It is not necessary to the disposition of the question arising out of the facts in this record we should accept or reject, in its fullest extent, the views so expressed by the author of the text in the encyclopedia. The assignments of error on the record when the cause was in this court on the former appeal did not bring in question that portion of the judgment of the Appellate Court which purported to adjudge costs against the appellees, nor was any question as to the propriety or legality of that portion of the judgment adjudicated by this court. The error of the clerk of the Appellate Court in incorporating the order into the judgment of that court was not discovered until after the judgment of affirmance had become effective in this court. These considerations move us to declare that it was within the power of the Appellate Court in this case to amend the record of the judgment in that court by expunging the order relative to costs, which had been inadvertently entered by the clerk and not judicially pronounced by the court. In the concluding sentence of section 162, volume 1, of Black on Judgments, there is a remark of the author which is in harmony with the view we have adopted.

The judgment appealed from is affirmed.

*Judgment affirmed.*