(No. 24585.— )

THE PEOPLE *ex rel.* Otto Kerner, Attorney General, *et al.* Petitioners, *vs.* W. R. HUNTER, Judge, Respondent.

*Opinion filed October 13, 1938.*

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JAMES V. CUNNINGHAM, and WALTER L. McCOY, of counsel,) for petitioners.

FRANCIS J. LOUGHRAN, and PALMER DiGIULIO, for respondent.

Mr. JUSTICE ORR delivered the opinion of the court:

The People on the relation of the Attorney General obtained leave to file an original petition in this court for a writ of *mandamus* to compel W. R. Hunter, judge of the circuit court of Will county, to expunge from the records of that court an order discharging Francis J. Rose from the custody of the warden of the penitentiary at Joliet. Respondent filed an answer which the People moved to strike. We ordered the motion to strike to be considered with the case and treated as a demurrer.

Francis J. Rose was indicted for robbery by a Cook county grand jury, the indictment consisting of one count. He was tried before a judge of the criminal court in that county who, on November 10, 1930, found him "guilty of robbery in the second count in the indictment," and sentenced him to the penitentiary for a term of from one year to life. On September 22, 1934, after notice had been duly served upon Rose's attorneys, the court, on motion of the People, ordered the record corrected to show that Rose was found "guilty of robbery in the manner and form as charged in the indictment." On November 10, 1937, Rose filed a petition for a writ of *habeas corpus* before respond-

ent who held the original judgment of the criminal court of Cook county void and ordered Rose's release.

Section 22 of the Habeas Corpus act (Ill. Rev. Stat. 1937, chap. 65, par. 22) so far as material here, provides, in part, that a prisoner in custody by virtue of process from a legally constituted court can be discharged only "(1) Where the court has exceeded the limit of its jurisdiction, either as to the matter, place, sum or person. * * * (7) Where there is no general law, nor any * * * conviction, if in a criminal proceeding. No court or judge, on the return of a *habeas corpus,* shall, in any other matter, inquire into the legality or justice of a judgment or decree of a court legally constituted." We have repeatedly held that in *habeas corpus* proceedings the sole question is whether the judgment challenged was entered by a court having jurisdiction of the defendant, of the subject matter of the case and with power to enter the order questioned. (*People* v. *Zimmer,* 252 Ill. 9; *People* v. *Shurtleff,* 355 id. 210; *People* v. *Thompson,* 358 id. 81.) The criminal court of Cook county has jurisdiction in robbery cases. Rose was brought to trial before that court by proper process and the judgment entered was proper for the crime charged and one within the power of the court. While the criminal court erroneously referred in its judgment to a "second count" in the indictment which did not exist, this is not an error which can be availed of on *habeas corpus.* (*People* v. *Murphy,* 188 Ill. 144; *Commonwealth* v. *Wright,* 126 Pa. 464; *In re Nolan,* 68 Kan. 796.) Errors of this nature must be corrected in subsequent direct proceedings; they are not grounds for collateral attack.

Under this view of the case, it is not necessary for us to determine the effect of the subsequent proceedings in the criminal court to correct the record.

The writ of *mandamus* is awarded as prayed.

*Writ awarded.*