## UNITED STATES ex rel. JORCZAK v. RAGEN, Warden.
### No. 6609.

Circuit Court of Appeals, Seventh Circuit.
Feb. 20, 1939.

Rehearing Denied March 29, 1939.

W. G. Anderson and Euclid L. Taylor, both of Chicago, Ill., for appellant.

Otto Kerner, Atty. Gen. of Illinois, A. B. Dennis, Asst. Atty. Gen., and Thomas J. Courtney, State's Atty., and Edward E. Wilson, John T. Gallagher, Blair L. Varnes, and Melvin S. Rembe, Asst. State's Attys., all of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and TREANOR, Circuit Judges.

TREANOR, Circuit Judge.

This is an appeal from the judgment of the United States District Court, Northern District of Illinois, dismissing a petition for writ of habeas corpus. The facts relied upon in the petition for issuance of the writ and the discharge of petitioner may be summarized as follows:

The petitioner-appellant was indicted for the alleged offense of "malicious mischief," the indictment consisting of two counts, the first count charging malicious mischief to a certain garage building, and the second count charging malicious mischief to certain property, viz.: an automobile then and there situated in the garage. The statute under which the petitioner was indicted and tried defined two separate offenses, malicious mischief to a building and malicious mischief to personal property.

The petitioner-appellant was tried before the Criminal Court of Cook County, Illinois, and at the close of the evidence and arguments of counsel the court, upon the statement by the State's Attorney that he would not further prosecute the second count of the indictment, dismissed the second count. At the same time the court found "the said defendant guilty of malicious mischief, and that the damage thereby then and there done to said building and fixtures amounts to $92.00, in manner and form as charged in the first count of the indictment." The record of the Criminal Court contains the following entry: "Judgment of the court is defendant is guilty of Malicious Mischief in manner and form as charged in the Second Count of the indictment." Also at that time the court sentenced the defendant "on Finding and Judgment to the Illinois State Penitentiary for not less than one (1) year nor more than ten (10) years."

The record of the Criminal Court of Cook County, Illinois, discloses that the criminal court found petitioner-appellant guilty of malicious mischief as charged in the first count of the indictment, although the entry of the judgment of the court recites that "defendant is guilty of Malicious Mischief in the manner and form as charged in the Second Count of the indictment." Prior to the court's announcement of its finding the second count had been dismissed and for purposes of any further proceeding the indictment consisted of only one count. Obviously the entry would have been unobjectionable if it had recited that the defendant was guilty in the manner and form as charged in the indictment; or in the manner and form as charged in the first count of the indictment. Petitioner-appellant urges that the judgment and sentence pronounced by the Criminal Court were void for the reason that at the time they were pronounced the second count of the indictment had been dismissed and the court thereby deprived of any jurisdiction to enter judgment and sentence upon the second count. Granting that the Criminal Court did not have jurisdiction to enter judgment and sentence upon the second count, it does not follow that the court lost jurisdiction to enter judgment and sentence upon the previously stated finding that the defendant was guilty "of malicious mischief and that the damage thereby then and there done to said building and fixtures amounts to $92.00 in manner and form as charged in the first count of the indictment."

There is no contention that the judgment and sentence which were pronounced by the Criminal Court do not follow, as a matter of law, the court's finding of guilt. And it is clear from the entry either that the court erroneously referred in its judgment and sentence to a "second count" in the indictment, which did not exist at the time of pronouncement of the judgment, or that there was a clerical error in the writing of the entry. If the defendant in the criminal cause, petitioner-appellant here, was injured by the error the same could have been corrected upon proper application to the Criminal Court. If upon proper application to the Criminal Court the court had refused to correct the error, the defendant had his remedy in his appeal to the Supreme Court of Illinois, which was taken in due course. But no effort was made to correct the error either in the Criminal Court or in the subsequent appeal to the Supreme Court of Illinois.

In the recent case of People ex rel. Kerner v. Hunter[1] the facts disclose that one Rose was indicted for robbery, the indictment consisting of one count. He was tried before a judge of the criminal court and the court found him "guilty of robbery in the second count in the indictment," and sentenced him to the penitentiary for a term of from one year to life. Later, and after notice had been served upon Rose's attorneys, the court ordered the record corrected to read that Rose was found "guilty of robbery in the manner and form as charged in the indictment." Shortly thereafter Rose filed a petition for writ of habeas corpus before the judge of the Circuit Court of Will County, Illinois, and in this proceeding the court held that the original judgment of the Criminal court of Cook County, Illinois, was void and ordered Rose's release. The People on the relation of the Attorney General of Illinois filed an original petition in the Supreme Court of Illinois for a writ of mandamus "to compel W. R. Hunter, judge of the circuit court of Will county, to expunge from the records of that court an order discharging Francis J. Rose from

[1] 369 Ill. 427, 17 N.E.2d 29, 30. See, also, McDonald v. Patterson, 190 Ill. 121, 60 N.E. 106; Hubbard v. People, 197 Ill. 15, 63 N.E. 1076; People v. Miller, 365 Ill. 56, 5 N.E.2d 458.

the custody of the warden of the penitentiary at Joliet." The Supreme Court awarded the mandamus as prayed and in its opinion made the following statements which are pertinent to the question before us:

"We have repeatedly held that in habeas corpus proceedings the sole question is whether the judgment challenged was entered by a court having jurisdiction of the defendant, of the subject matter of the case and with power to enter the order questioned. * * * The criminal court of Cook county has jurisdiction in robbery cases. Rose was brought to trial before that court by proper process and the judgment entered was proper for the crime charged and one within the power of the court. While the criminal court erroneously referred in its judgment to a 'second count' in the indictment which did not exist, this is not an error which can be availed of on habeas corpus. * * * Errors of this nature must be corrected in subsequent direct proceedings; they are not grounds for collateral attack.

"Under this view of the case, it is not necessary for us to determine the effect of the subsequent proceedings in the criminal court to correct the record."

It follows from the foregoing decision of the Supreme Court of Illinois, and from other decisions of that court, that petitioner-appellant in this case had adequate protection under the law of Illinois for any injury which he may have suffered from the error complained of and that he has not exhausted his remedies under the state law.

■ It appears from the record of the proceedings of the District Court in the instant case that respondent-appellee's return shows that shortly after the institution of the present suit an order was entered by the Criminal Court of Cook County for the purpose of correcting the original entry "to speak the truth." The order recites that it appeared to the court "from an inspection of the journal made by the clerk of this court that the clerk in transcribing the records in said cause transcribed them incorrectly." The decisions of the Supreme Court of Illinois hold that court records may be corrected to speak the truth at any time after term time when the correction is based upon official, or quasi-official notes or memoranda of the court which remain in the files of the case.

The rule is indicated by the following statement in Moore v. Shook:[2] "This court has held that the trial court at a subsequent term may from its minutes amend and enter an order nunc pro tunc to correct a judgment so that it will show the real judgment in fact rendered. * * * The judge's minutes on his docket have always been held by this court sufficient to authorize an entry of a judgment nunc pro tunc at a subsequent term. * * * The rendition of a judgment is a judicial act and the entry a ministerial one. 1 Black on Judgments (2d Ed.) § 106. 'That which the court performs judicially or orders to be performed is not to be avoided by the action or want of action of the judges or other officers of the court in their ministerial capacity.' 1 Freeman on Judgments (4th Ed.) § 38."

■ Petitioner contends that the effort to correct constituted an amendment to the original judgment and that the criminal court was without power to amend the original judgment. But that presents a question for decision by the Illinois courts and cannot be inquired into collaterally in a habeas corpus proceeding in a federal court. See, however, Peck v. United States, 7 Cir., 65 F.2d 59, 64.

■ In his petition for a writ of habeas corpus petitioner-appellant sets out that he had presented his petition for a writ of habeas corpus to the Supreme Court of Illinois in which petition he set up substantially the facts that are set up in his petition in the instant case; and petitioner-appellant further states that "because of the fact that the judgment had previously been affirmed by the Supreme Court, (Illinois) your petitioner believes the said Supreme Court refused to issue said writ and discharge your petitioner although the points herein involved were not raised and passed on by the Supreme Court in the writ of error proceeding." The petitioner did not seek a review in the Supreme Court of the United States of the action of the Illinois Supreme Court in dismissing his petition for writ of habeas corpus, and it does not appear that such dismissal was not supported by valid legal grounds under state law.

In our opinion the petitioner-appellant's petition for writ of habeas corpus rests upon alleged errors for which, if they existed, there was an adequate remedy available in the state courts; and it is apparent from

---

[2] 276 Ill. 47, at page 53, 114 N.E. 592, at page 594.

the record that petitioner has not pursued the remedies available under the law of Illinois.

Ordinarily, federal courts will not intervene by writ of habeas corpus in advance of a final action by the highest court of the state when one convicted in a state court for an alleged violation of the criminal statutes of the state is contending that he is held in custody in violation of his rights under the constitution of the United States. The Supreme Court of the United States states the rule thus:[3] "The exceptional cases in which a Federal court or judge may sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the state are those of great urgency, that require to be promptly disposed of; such, for instance, as cases 'involving the authority and operations of the general government, or the obligations of this country to, or its relations with, foreign nations.' The present case is not within any of the exceptions recognized in our former decisions. If the applicant felt that the decision, upon habeas corpus, in the supreme court of the state, was in violation of his rights under the Constitution or laws of the United States, he could have brought the case by writ of error directly from that court to this court."

The United States District Court did not err in dismissing the petitioner-appellant's petition for writ of habeas corpus and the judgment is affirmed.

[3] Urquhart v. Brown, 205 U.S. 179, 27 S.Ct. 459, 460, 51 L.Ed. 760. See, also, Reid v. Jones, Sheriff, 187 U.S. 153, 23 S.Ct. 89, 47 L.Ed. 116; In re Walter J. Gregory, 219 U.S. 210, 31 S.Ct. 143, 55 L.Ed. 184.