(No. 26031.—■)

EMANUEL G. MILLER *et al.* Appellants, *vs.* CHARLES O. MILLER *et al.* Appellees.

*Opinion filed June 13, 1941.*

ROY E. BOLEY, and KASSERMAN & KASSERMAN, for appellants.

OMER E. LEWIS, and SMITH & RANSOM, for appellees.

Mr. JUSTICE SHAW delivered the opinion of the court:

The circuit court of Richland county entered a decree in this cause ordering: (1) Removal of a cloud upon the title of appellees to certain land located in Richland county; (2) partition of the premises involved in this dispute; (3) the setting aside of a former decree of partition together with certain acts of a special master, and (4) an accounting of proceeds derived from the premises. Because

a freehold is involved, appellants direct their appeal to this court.

On July 5, 1933, appellants filed a bill in the circuit court of Richland county for partition of certain land. The First National Bank of Olney, Illinois, filed an answer setting forth that it held a valid judgment against one of the defendants, Charles O. Miller, and against one of the plaintiffs, Mary E. Miller, and asked that the interest of the said Charles O. and Mary E. Miller be decreed to be subject to the lien of the judgment and that, in case of sale, the proceeds be applied toward the payment of said judgment. The record shows that a decree, designated as a partition decree, was entered and signed December 5, 1933. Following the hearing on the commissioners' report, the court indicated from the bench the nature of the written decree of sale which should be prepared. A decree of sale was thereafter drawn and filed on January 18, 1934, not, however, being submitted to the court for approval or signature. The special master on February 10, 1934, sold the premises to Emanuel G. Miller, one of the appellants. Report of sale was duly filed, and a special master's deed of conveyance delivered and filed for record March 8, 1934. The docket entries of the presiding judge then show that on April 5, 1934, a motion to vacate the decree was filed by one of the parties. There is no entry of any kind either on the judge's docket or in the records of the clerk to show that a hearing was conducted on this motion. On June 1, 1934, the docket notation shows that the decree confirming the sale by the master was filed but that it was neither signed nor approved by the court. On July 16, 1934, the decree confirming the sale was vacated and the case set for hearing on the following day. On February 22, 1935, the court made the following docket entry: "February 22, 1935—the decree in this case having never been presented to the court for its approval and signature as ordered. And the court finding that the same is inconsistent and contrary

to the holding of the court indicated at the time of hearing and also contrary to law, the same is hereby ordered stricken from the files." Thereafter, on March 1, 1935, an amended decree was filed, unsigned, while the court was not in session. Subsequently, Emanuel G. Miller, the purchaser at the master's sale made several conveyances and entered into several oil and gas leases.

On June 29, 1938, Esther A. Miller and Edward E. Miller filed a complaint in the circuit court of Richland county alleging that they were the owners in fee of an undivided one-fifth interest in all of the premises of which Henry Miller died seized (the same real estate subject to original partition suit); that Charles O. Miller, one of the defendants in the partition suit commenced in 1933, died intestate on April 10, 1937, and that title to the real estate in question vested in them as widow and son and only heirs of the said Charles O. Miller; that the writing purporting to be a decree for sale in the partition suit was never submitted to the court for approval and signature, as ordered by the court; that the filing of the same without the approval and signature of the court perpetrated a fraud on the court and that the purported sale and all purported conveyances thereunder were void and a nullity.

The appellees prayed in their complaint that they be decreed to be the owners of an undivided one-fifth interest in said premises; that the purported decree for sale in the partition suit be stricken from the files, expunged from the records, and that the purported master's deed issued in pursuance to the purported sale, and each conveyance purported to have been made thereunder, be vacated, set aside and held for naught, and be removed as clouds on the title of plaintiffs to said undivided one-fifth interest. Complainants further sought to have the Sohio Corporation render an accounting of the purchase of oil and gas from the premises in question and pay over to them whatever sum may be found due.

On February 16, 1940, the trial of the case was held and the case taken under advisement. On April 2, 1940, the circuit court of Richland county entered an order consolidating the original partition suit with the action to quiet title. April 15, 1940, the circuit court announced that the attorneys for the defendants in the suit to quiet title had advised the court that they intended to file additional pleadings and to take further steps in the consolidated causes. They requested the court to delay its decision and the court complied with the request. May 15, 1940, the appellees filed a motion for a decree in the consolidated causes and on September 23, 1940, the court entered a decree granting the plaintiffs relief as prayed.

The confusion which has resulted in this case was occasioned by the failure of counsel for the appellants to have certain decrees and orders approved and signed by the presiding judge. That certain decrees were never submitted to the court for approval and signature is apparent by reference to the remarks of court contained in the record. On August 16, 1940, the trial judge stated: "A decree for partion was ordered in cause No. 35-56, under date of December 5, 1933, which decree was ordered submitted to the court for signature, and which was to be entered and identified as 'paper A.' No decree was ever submitted to the court as provided by the order. A purported decree was filed with the clerk of the court and it appears that an amended decree was filed with the clerk of this court under date of March 1, 1935. Neither of these decrees came to the notice of the court as ordered. The first of such decrees, under which the special master sold the premises, did not come to the notice of this court until after objections were made thereto by attorneys for Charles O. Miller, seeking to have the acts of the special master, under the first purported decree, vacated. * * * It has been considered by the court, in the disposition of this matter, that nothing more than an order for a decree was ever entered

by the court. No decree was ever presented for the court's approval and signature as ordered. The subsequent acts of the special master relative to sale and execution of deed, were void as not being based upon or pursuant to any decree of this court which was final in character. The same are, therefore, considered void and of no force and effect."

While it appears that an instrument was filed and signed by the presiding judge on December 5, 1933, purporting to be a partition decree, examination shows that it was devoid of any of the essential elements of a decree for partition. Apparently in recognition of this deficiency, a partition decree was subsequently filed on January 18, 1934, but this was not submitted to the trial judge for inspection or signature. From the remarks of the trial court it is obvious that the decrees and orders which were filed but not submitted to the trial judge were of no force and effect and were not binding upon any of the defendants in the original partition suit. The presiding judge had an opportunity to closely inspect the records of his court and his findings as contained in the remarks of court must be held to present the true *status* of the proceedings.

The appellants maintain that a decree need not be signed by the trial judge so long as the minutes of the court show that the decree was ordered and the records of the clerk show that it was filed. However, this court has pointed out in numerous cases that a decree cannot become final until it is submitted to and approved by the chancellor and filed for record. The mere oral pronouncement of a decision is of no effect until the order is reduced to a written decree, approved and filed for record. *Moore* v. *Shook,* 276 Ill. 47; *Horn* v. *Horn,* 234 id. 268.

According to a stipulation entered into by the parties to this suit, it appears that objections to the report of sale and the answer to said objections referred to in the minutes of the court under date of July 16, 1934, do not appear in the files. Apparently the motion to vacate the decree filed

April 5, 1934, by the defendants to the original partition suit was never acted upon, nor was a hearing ever had on the objections referred to in the stipulation. A master's report of the sale in the original partition proceedings could never be approved as long as there were objections to said report undisposed of. This defect in the record of the proceedings is further ground for affirming the decree of the trial court.

Appellants further contend that their motion to dismiss the proceeding filed by appellees should have been sustained, because the complaint in this case amounted to a bill of review. This contention cannot be sustained because the record shows conclusively that no final decrees were ever entered by the trial court.

Appellants likewise complain that the order consolidating the causes seriously affected substantial rights. We fail to see where the consolidation of the causes deprived the appellants of any opportunities to present their theory of the cause.

The decree of the circuit court is affirmed.

*Decree affirmed.*