Bessie Louise Richmond, Appellee, v. Henry Richmond, Appellant.

Gen. No. 43,171.

Heard in the second division of this court for the first district at the October term, 1944. Opinion filed May 29, 1945. Released for publication June 14, 1945.

Wm. E. Rodriguez, of Chicago, for appellant; Richard P. Garrett, of Chicago, of counsel.

Daniel A. Covelli, of Chicago, for appellee.

Mr. Presiding Justice Sullivan delivered the opinion of the court.

On July 24, 1936 a marriage ceremony was performed between Henry Richmond and Bessie Louise Richmond, both of whom believed at that time that Henry Richmond's former wife, Elsie Richmond, had procured a decree of divorce from him on February 20, 1936 but later discovered that Elsie Richmond's decree of divorce was not approved and signed by the chancellor and entered of record by the clerk until January 28, 1938.

On November 4, 1943 Bessie Louise Richmond filed an original complaint in equity against the defendant, Henry Richmond, wherein she prayed that Elsie Richmond's decree of divorce from defendant theretofore entered on January 28, 1938 be amended and corrected ''so that said divorce decree in said cause will stand entered of record nunc pro tunc as of February 20, 1936.'' The cause was referred to a special commissioner whose findings and recommendations were approved by the decree of the trial court, which ordered that ''the Decree heretofore entered in the cause entitled 'Elsie Richmond v. Henry Richmond,' dated February 20th, 1936 and entered January 28th, 1938, be and the same is hereby corrected and entered nunc pro tunc as of February 20th, 1936, and that an amended Decree be filed in said cause and signed by this court nunc pro tunc as of February 20th, 1936.'' Defendant appeals from the decree.

The parties stipulated as to the material facts. Henry Richmond married Elsie Richmond on December 4, 1933. Elsie Richmond filed a complaint for divorce against Henry Richmond, whose appearance and answer were filed by his attorney. The parties entered into a stipulation in the divorce proceeding that it might be heard on complaint and answer as in case of default. Hearing was had before Judge RUDOLPH DESORT, February 20, 1936 and at the close of the testimony presented on behalf of Elsie Richmond the court said ''prepare your decree.'' How-

ever, the decree in that case was not presented to Judge DESORT for his approval and signature until January 28, 1938, on which day it was signed by him and entered of record by the clerk. The attorney who prepared the decree of divorce dated it February 20, 1936. On July 24, 1936 a marriage ceremony was performed between Bessie Louise Richmond, the plaintiff herein, and Henry Richmond, both of whom believed in good faith at that time that Elsie Richmond was granted a decree of divorce from defendant on February 20, 1936. Bessie Louise Richmond and Henry Richmond lived together as husband and wife until May or October 1942. In May 1942 Henry Richmond was inducted in the United States Army and he made an allotment of $50 per month to Bessie Louise Richmond as his wife. In June or July 1943 Henry Richmond, having discovered that the decree granting Elsie Richmond a divorce from him had not been entered until January 28, 1938, notified Bessie Louise Richmond of his discovery and informed her that he was not legally married to her. In July 1943 Henry Richmond married Pauline Grace Willis in Daytona, Florida.

As heretofore shown, the particular relief sought by plaintiff in this case was to have the record of the entry of the decree granting Elsie Richmond a divorce from Henry Richmond so altered that the date when the evidence was heard in that case and Judge DESORT said "prepare your decree" be held to be the date when the decree of divorce became effective, notwithstanding that the written decree was not approved and signed by the judge and entered of record by the clerk until almost two years later.

Numerous grounds are urged by defendant for reversal but the only question we deem it necessary to determine is whether the trial court could under the law consider Elsie Richmond's final decree of divorce from Henry Richmond as having become effective on

February 20, 1936, because of the mere oral pronouncement of the judge on that day, "prepare your decree," instead of on January 28, 1938, when the decree of divorce was approved and signed by the judge and entered of record by the clerk.

Plaintiff's position is that the decree in the instant case is "sound in law and well justified by this record" and that the case of *Moore v. Shook,* 276 Ill. 47, completely answers every contention made by defendant.

While the facts and legal principles involved in the *Moore* case are strikingly similar in most respects to the facts and questions of law presented here, there is one material difference that distinguishes that case, as will be hereinafter shown. In the *Moore* case it appeared that Dr. Isaac Moore filed a bill for divorce in the circuit court of Madison county against his wife, Elizabeth Moore, and after an order of default was entered against the defendant therein a hearing was had December 2, 1911; and that at the close of the hearing the judge announced orally that the divorce was granted and wrote the following in his docket: "Cause heard. Court finds deft. guilty of extreme and repeated cruelty. Decree for divorce to complainant. Costs to complainant." It also appeared that a written decree was not approved by the presiding judge until December 15, 1911 and was not filed by the clerk until December 16, 1911; that on December 9, 1912 (which was more than a year after the said oral announcement was made by the court in that case but less than a year from the approval of the written decree by the judge) Dr. Moore was married to Lila Moore and lived with her until his death, November 19, 1914; that after his death Lila Moore was granted letters of administration in the probate court of Madison county and proceeded with the administration of Dr. Moore's estate until December 6, 1915, when Ella V. Shook, a daughter of Dr. Moore by a former marriage,

filed a petition in the probate court of Madison county wherein she alleged that Lila Moore was not the surviving widow of Dr. Moore and was not entitled to letters of administration; that pursuant to a hearing on said petition the probate court found that Lila Moore and Dr. Moore were married less than a year from the time he was divorced from his former wife and that by reason thereof said marriage was null and void and Lila Moore was not entitled to any rights as Moore's widow. Lila Moore then filed a bill in the circuit court of Madison county in which she alleged the foregoing facts and in addition that her marriage to Dr. Moore was entered into in good faith and with no intention to defeat the laws of Illinois nor contravene the public policy of the State; and that both she and Dr. Moore believed that he had been granted a divorce from his former wife on December 2, 1911, when the hearing was had and the oral announcement made in open court, rather than on December 16, 1911, when the formal written decree was thereafter entered of record by the clerk. At the time the *Moore* case was decided remarriage within one year after a decree of divorce was entered was invalid in this State.

The Supreme Court did hold under the facts in that case that Dr. Moore's decree of divorce from his former wife should be considered to have become effective on December 2, 1911, when the trial judge heard the evidence and made the entry in his docket: "Cause heard. Court finds deft. guilty of extreme and repeated cruelty. Decree for divorce to complainant. Costs to complainant." There the right of the court to modify the record in respect to the effective date of the decree was not predicated on the oral announcement of the judge that the divorce was granted or that the decree should be prepared but upon the foregoing written entries made by the trial judge in his docket. Here plaintiff relies solely upon the oral pronouncement of the court in Elsie Richmond's divorce

proceeding, "prepare your decree," as sufficient authorization for another judge of the same court, more than six years later, to change the effective date of Elsie Richmond's decree of divorce from January 28, 1938, when the written decree was signed and entered of record, to February 20, 1936, when the evidence was heard and the trial court made the oral pronouncement, "prepare your decree."

It has been repeatedly held that a decree in equity cannot become final until it is submitted to and approved by the chancellor and entered of record. In the very case upon which plaintiff relies, *Moore v. Shook,* 276 Ill. 47, it was held at pp. 51 and 52:

"Under the law in this State a decree in equity is not final until approved by the chancellor and filed for record. His mere oral announcement of the decision and the grounds upon which it is based is not controlling. The whole matter is completely under his control, and is subject to be altered, changed, or even disregarded, until the written decree is approved and filed for record."

That the oral announcement by the trial court in that case that the divorce was granted was entirely disregarded by the Supreme Court in reaching its decision is clearly shown by the following statement on p. 52 of its opinion:

"The question then is whether from the minutes entered on the docket of the trial court in the original divorce proceedings the records in that case may be so modified and changed as to consider the final decree as having become effective December 2, 1911, instead of December 16, 1911."

In *Miller v. Miller,* 376 Ill. 628, the court said at p. 632:

"The mere oral pronouncement of a decision is of no effect until the order is reduced to a written decree, approved and filed for record. *Moore v. Shook,* 276 Ill. 47; *Horn v. Horn,* 234 id. 268."

In *Anderson v. Anderson,* 380 Ill. 435, in holding that the record showing the date of entry of a decree imports verity, the court said at p. 439:

"When the date of entry of the decree was once incorporated into the record, it was conclusive upon all parties until altered or set aside by a court of competent jurisdiction and all questions relating to the time it was in fact entered must be settled by reference to the record alone. (*Herrington v. McCollum,* 73 Ill. 476.) If the date the decree was actually entered was not correctly shown by the record, and if the correction of such became a matter of material inquiry, application should have been made to the court entering the decree to make the record speak the truth. (*Roche v. Beldam,* 119 Ill. 320; *Herrington v. McCollum, supra.*) Until such an amendment was made of record, the date shown in the record will be held to be conclusive."

██ Elsie Richmond's decree of divorce was actually and correctly entered on January 28, 1938, as shown by the record in that case. But even though the date of its entry was not correctly shown by the record, the correct procedure, as stated in the *Anderson* case, would have been to make application "to the court entering the decree to make the record speak the truth." Since the date of entry of Elsie Richmond's decree of divorce, as incorporated in the record in the divorce proceeding, is admittedly correct, it would not be vulnerable to attack even in a proper proceeding and certainly not on the ground asserted by plaintiff.

The attorney who drafted Elsie Richmond's decree of divorce dated it ":February 20 Term A. D. 1936." The fact that it was so dated is absolutely without significance, since it is undisputed that such decree was signed on January 28, 1938 and it so shows on its face. The only reasonable inference that can be drawn from the fact that the decree was dated as indicated is that it was prepared on said date but for some reason not disclosed by the record it was not presented for the

approval and signature of the trial judge until January 28, 1938.

All other points urged have been considered but in the view we take of this case we deem it unnecessary to discuss them.

For the reasons stated herein the decree. of the superior court of Cook county is reversed.

*Decree reversed.*

FRIEND and SCANLAN, JJ., concur.