## Farriss v. Keenan

*David W. Craig*, for relator.

*William S. Rahauser*, district attorney, and *Henry R. Smith, Jr.*, assistant district attorney, for respondent.

PATTERSON, P. J., May 15, 1951.—After pleading guilty to an indictment for burglary at no. 18, November sessions, 1943, in the Court of Oyer and Terminer of Allegheny County, Pa., relator was sentenced to not less than two and one half nor more than 10 years to the Allegheny County Workhouse. That is the sentence as pronounced by the trial judge and as endorsed on the indictment. The sentence was effective as of October 27, 1943.

The same day he pleaded guilty to indictments at nos. 19, 20 and 21, November sessions, 1943, and sentence on each of these three cases was suspended by reason of the sentence at no. 18, November sessions, 1943.

One day after the minimum term expired relator was paroled, to wit, April 27, 1946. In December of that year, at no. 96, November sessions, 1946, in the Court of Oyer and Terminer, he pleaded guilty to an

indictment for burglary committed while on and in violation of his parole. He was sentenced to not less than two nor more than four years, effective October 31, 1946.

Relator filed a petition for writ of habeas corpus February 7, 1951, and was granted a rule to show cause, returnable February 26, 1951. David W. Craig was appointed counsel for relator and made a persuasive and learned argument in his behalf and has filed an exhaustive and excellent brief. The district attorney filed an answer and was represented at the hearing by Henry R. Smith, Jr., an assistant, who has filed what we deem to be a conclusive brief.

The question that emerges from the factual circumstances is whether the record of the court's sentence endorsed on the indictment or the time named in the commitment controls. The sentence endorsed on the back of the indictment at no. 18, November sessions, 1943, is not less than two and one half nor more than 10 years. On the commitment it appears as not less than two and one half years nor more than five years. If the recorded sentence controls, it eliminates any other controversy. If we take the commitment as authority, another question might be raised. Since we deem the endorsement on the indictment the controlling authority, we need not discuss any other question.

The practice of a particular jurisdiction gives authority to its processes. It may be fundamentally different in different jurisdictions. We are of opinion that Pennsylvania courts have fixed the docket entries or court minutes as the authoritative directive in criminal cases just as it has in civil cases. A verdict in a civil action is not the slip that is signed by the foreman and is not the announcement from the jury box. It is the recorded finding as the "court hath recorded it", and until it is so recorded there can be

no judgment thereon. So with a sentence in criminal proceedings. It is not a sentence until the court has pronounced and caused a record thereof to be made. It is not a mere pronouncement by the judge or what he says. It is what he says as recorded. In our practice the endorsement of the sentence on the back of the indictment and signed by the court must by every principle of law and logic be given effect over a transcription thereof into a warrant of mittimus (or commitment) by a clerk who is without authority to change a sentence and whose action is subject to the percentage of human error. At best the commitment is authority for the ministerial officer to carry out the court's sentence. A different rule might be involved where a commitment is issued by the court itself. But that is not involved here. The volume of business in our criminal court precludes the court doing the clerical work of the tribunal.

It may be readily comprehended in the instant case how the commitment was the result of clerical error. The ordinary and usual maximum term to a two and one half minimum would be five years, the maximum being usually double the minimum. The clerk who wrote the commitment in the case at bar assumed the usual maximum without checking the sentence as written and recorded on the indictment. It could have been corrected at that time or at any time when the error was detected. Pennsylvania authority is sparse on the question, but we believe the instant case is ruled by Commonwealth ex rel. Malone v. Wright, 126 Pa. 464, where the court said:

"It is very evident there was a clerical error in recording the sentence on bill No. 15 . . . We cannot discharge a prisoner, self-convicted of high crimes, upon such a bald technicality as this. At most, it was a mere slip or misprision of the clerk of the court below in recording the sentence."