**WILSON v. LANAGAN, Warden.**

No. 3335.

Circuit Court of Appeals, First Circuit.

Oct. 29, 1938.

William H. Lewis, of Boston, Mass., for appellant.

James J. Bacigalupo, Asst. Atty. Gen. of Mass. (Paul A. Dever, Atty. Gen. of Mass., on the brief), for appellee.

Before BINGHAM and WILSON, Circuit Judges, and PETERS, District Judge.

WILSON, Circuit Judge.

This is a petition for a writ of habeas corpus. The respondent is the warden of the state prison at Charlestown in the Commonwealth of Massachusetts, where the petitioner is now confined as a prisoner. The grounds alleged in the petition are that the petitioner was deprived of his right to a fair trial as guaranteed under the due process clause of the Fourteenth Amendment of the Constitution of the United States, U.S.C.A.Const. Amend. 14.

The petitioner alleges as facts in his petition, supported by affidavits, that on April 2, 1934, he was confined as a prisoner in the House of Correction at Springfield in the Commonwealth of Massachusetts under a sentence for a misdemeanor; that he was at the time a trusty or tier runner in said prison. A part of his duties as such was to distribute any packages brought into the prison for prisoners located on the same tier of cells as himself.

That on April 2, 1934, a package was brought into the prison by the sister of a prisoner by the name of John Bozek, who was occupying a cell in the tier below that occupied by the petitioner. The petitioner, who received the package from another trusty, was instructed to drop it down to the tier runner on the tier below, which he did. The package proved to contain two revolvers which the prisoner, Bozek, intended to use in an attempt to escape from the prison. On the discovery on April 8 of the revolvers in Bozek's cell, the petitioner was seized and, with Bozek, was confined and held in solitary confinement and was not permitted to notify anyone of his confinement. Later he was taken and put into another cell, but communication with anyone outside was still denied him.

That on Friday, May 11, 1934, the grand jury reported an indictment against him for bringing weapons into the jail to aid a prisoner in escaping, under Sec. 15, Chap. 268, Mass.G.L.1932 (Ter.Ed.), and he was brought into court on the same day, shackled with twenty-five other prisoners. The indictment was read to him and he pleaded not guilty. Those pleading not guilty were ordered to be ready for trial on the following Monday.

If the facts were as alleged in his petition, viz.: that at the time of his trial on Monday he was denied any opportunity to obtain counsel to defend him, or witnesses to testify in his behalf, and was forced to trial handcuffed to two other prisoners, he might well be entitled to the writ prayed for as being denied due process of law under the Fourteenth Amendment.

However, at the hearing before the District Judge on his petition for the writ of habeas corpus, the District Judge heard the evidence of the witnesses on whom the petitioner relied to prove the facts alleged in his petition, and the evidence contra of the sheriff in charge of the prison, and several other officers who were present at his trial. The District Judge also, with the prisoner's consent, received a statement by the trial judge of what took place at the trial, and, after hearing the evidence, found as facts: that at the time of his release from solitary confinement on April 16, he was brought into the sheriff's office and was then apprised or was obviously cognizant from the conversation of his connection with the transporting of the revolvers to a trusty on the tier below and that they were intended for the prisoner Bozek. On Saturday following his arraignment the petitioner had some talk with the district attorney as to his sentence in case he pleaded guilty, but made no effort on that day to obtain counsel or to have witnesses notified to testify in his behalf.

On the following Monday he was again brought into court shackled to other prisoners. He again had talk with the district attorney as to his sentence in case he retracted his plea and pleaded guilty, but receiving no assurance as to his sentence he decided to stand trial on his plea of not guilty. He then asked for counsel to defend him and that witnesses be notified to testify in his behalf. He was informed by the trial judge that he could not assign

counsel except in capital cases, but the sheriff would notify any counsel whom he wished to defend him and would also notify any witnesses he requested to be present to testify in his behalf. The only witness he named was a fellow prisoner and his wife. The trial judge had her notified and she came into the judge's chambers, but she refused to testify in his behalf. He then requested a continuance in order that he might obtain counsel and summon witnesses, but the district attorney moved for trial and the trial judge ordered the trial to proceed on the ground that he already had had opportunity since Friday to send for counsel to defend him, and that all the witnesses who knew the facts were in court or readily available. As the District Judge said the only grounds for denial of due process was the refusal of the trial judge to grant a continuance; this is ordinarily a matter of discretion. We think there was no such an abuse of discretion shown here that would form the basis for granting a writ of habeas corpus, when the petitioner had failed to make any effort to obtain counsel after he was indicted and arraigned on the Friday previous to the trial, and when all the witnesses to the offense were among the prisoners in court or could have readily been produced if he had availed himself of the offer of the trial judge.

While the petitioner alleged that he was forced to go to trial without an opportunity to obtain counsel and witnesses, and went to the bar shackled to other prisoners throughout his trial, the testimony of other witnesses before the District Judge, including the statement of the trial judge, was that, before he was placed on trial, the handcuffs were removed from his wrists; that he took notes of the testimony against him, cross-examined witnesses and took the stand and testified in his own behalf and presented his side of the case.

It appeared that the only issue in the case was whether or not he had guilty knowledge of the contents of the package that was handed to him by the other trusty and which he dropped to the tier below; and, as the District Judge found, all the parties who could have any knowledge of the facts were present in the court at the time of his trial, or were readily available, but the petitioner made no effort to avail himself of their testimony.

The petitioner testified that he had no knowledge of the contents of the package which was handed to him and which he dropped to the tier runner on the tier below to be placed in Bozek's cell. The jury returned a verdict of "guilty" and he was sentenced to serve a term in state's prison of not less than nine nor more than ten years.

Later he filed a motion for a new trial by an attorney whom he had secured for that purpose, and among the grounds assigned for a new trial was the fact that he had been denied an opportunity to employ counsel adequately to prepare his defense, and this motion was supported by an affidavit of Bozek.

The motion for a new trial was denied by the trial judge and no appeal from his decision was taken to the Supreme Court of Massachusetts. Later he filed a petition for writ of habeas corpus in the Supreme Judicial Court of Massachusetts, on which notice was issued, and to which an answer was filed by the respondent. In these proceedings he was represented by an attorney, who withdrew his appearance and the petition was thereupon dismissed without hearing.

Later he filed in the Supreme Judicial Court of Massachusetts a petition for writ of error which was denied by a single justice of that Court. The Supreme Judicial Court refused to receive a claim for appeal on the ground that an appeal did not lie under the circumstances.

■ It is apparent from the above statement that the District Judge who heard the petition and the witnesses pro and con found the facts contrary to those alleged in the petition and to the present claim of the petitioner, and that he had not availed himself of all his remedies in the state courts, which is necessary before a federal judge will grant a writ of habeas corpus on the ground of a denial of the petitioner's rights under the Fourteenth Amendment. Upon the facts found by the District Court, there does not appear to have been a denial of his constitutional rights that would warrant the granting of his petition.

In the cases cited by the petitioner's counsel, the factual situations were different. Here there was no public hysteria or demand for his conviction, and he had time even after arraignment to obtain counsel, but made no effort to do so until just prior to his being placed at the bar for trial; nor did he avail himself of the trial judge's offer to have any witnesses he desired notified by the sheriff in order that they might attend and testify in his behalf.

If his sentence was excessive, as being out of proportion to that imposed on others guilty of the same offense, it is a matter for the pardoning board, not for this court.

The order of the District Court denying the petition for habeas corpus is affirmed.