## Ex parte BARNARD.

District Court, E. D. Illinois.

Oct. 18, 1943.

LINDLEY, District Judge.

In a request for a writ of habeas corpus, Lester Barnard, petitioner, avers that he is being detained illegally by the warden of the Illinois State Penitentiary, Pontiac Branch, and that he is being denied proper medical treatment by prison physicians.

Petitioner was convicted in the State Court in 1930, and sentenced to serve a term of from one year to life in the Illinois State Reformatory at Pontiac. In 1933, by an act of the legislature, Smith-Hurd Stats.Ill. c. 108, § 105 et seq., the Illinois State Reformatory was consolidated with the penitentiary at Joliet, the penitentiary at Chester, and the Asylum for Insane Criminals at Chester, into a single institution to be known as the Illinois State Penitentiary.

Petitioner contends that, by the terms of his sentence, he may not be legally con-

fined in any institution other than a reformatory, and that he is now illegally detained since there is no reformatory in the state. Further, petitioner asserts that he is suffering from diabetes; that he is not receiving proper insulin treatment by prison physicians; that, as a result, he faces death from diabetes; that the treatment being administered by prison physicians was not ordered by the court, and that its imposition is a violation of the Sixth Amendment of the Federal Constitution.

The District Court should not take jurisdiction. 28 U.S.C.A. § 453 specifically provides that: "The writ of habeas corpus shall in no case extend to a prisoner in jail unless where he is in custody under or by color of the authority of the United States, or is committed for trial before some court thereof; or is in custody for an act done or omitted in pursuance of a law of the United States, or of an order, process, or decree of a court or judge thereof; or is in custody in violation of the Constitution or of a law or treaty of the United States; or, being a subject or citizen of a foreign State, and domiciled therein, is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, or order, or sanction of any foreign State, or under color thereof, the validity and effect whereof depend upon the law of nations; or unless it is necessary to bring the prisoner into court to testify." Petitioner is not in the custody of the United States, or within any of the other enumerated exceptions.

Furthermore, the rule is well settled that federal courts will not issue writs of habeas corpus to review records of proceedings in state courts until the petitioner has exhausted his remedy in the state court, in absence of a situation of peculiar urgency, which does not exist here, since a writ of habeas corpus may not be employed as a writ of error. In re Mooney, 9 Cir., 1935, 72 F.2d 503, habeas corpus denied, 1935, 296 U.S. 541, 56 S.Ct. 83, 80 L.Ed. 385, rehearing denied, 1935, 296 U.S. 662, 56 S.Ct. 153, 80 L.Ed. 471; Urquhart v. Brown, 1906, 205 U.S. 179, 27 S.Ct. 459, 51 L.Ed. 760; Knewel, Sheriff v. Egan, 1925, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036; Wilson v. Lanagan, 1 Cir., 1938, 99 F.2d 544, certiorari denied 306 U.S. 634, 59 S.Ct. 486, 83

104

L.Ed. 1035. The rule is well stated by the Circuit Court of Appeals for the Seventh Circuit in United States ex rel. Jorczak v. Ragen, 1939, 102 F.2d 184, 187, certiorari denied 308 U.S. 573, 60 S.Ct. 89, 84 L.Ed. 481: "Ordinarily, federal courts will not intervene by writ of habeas corpus in advance of a final action by the highest court of the state 'when one convicted in a state court for an alleged violation of the criminal statutes of the state is contending that he is held in custody in violation of his rights under the constitution of the United States. The Supreme Court of the United States states the rule thus [Urquhart v. Brown, 205 U.S. 179, 27 S.Ct. 459, 460, 51 L.Ed. 760]: 'The exceptional cases in which a Federal court or judge may sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the state are those of great urgency, that require to be promptly disposed of; such, for instance, as cases "involving the authority and operations of the general government, or the obligations of this country to, or its relations with, foreign nations." The present case is not within any of the exceptions recognized in our former decisions. If the applicant felt that the decision, upon habeas corpus, in the supreme court of the state, was in violation of his rights under the Constitution or laws of the United States, he could have brought the case by writ of error directly from that court to this court.' "

█ I might add that the change in the name of the Illinois State Reformatory at Pontiac does not make petitioner's continued incarceration invalid. The Illinois Supreme Court has passed on the question declaring that the change in the designation of the Pontiac Reformatory does not invalidate a prisoner's sentence. Thus in People ex rel. Cassidy v. McKinley, 1939, 372 Ill. 247, 23 N.E.2d 50, 51, the court said: "While, as argued by respondent, section 1 of the Penitentiary Act declares that the Pontiac reformatory shall be hereafter known as a branch of the penitiary, to hold that the act put out of existence, as such, the reformatory, would be to hold that the State is without power to longer detain those sentenced to the reformatory prior to 1933. That such could not have been the intention of the General Assembly seems apparent on mere statement of the proposition. That the General Assembly could have intended to create a situation whereby all of those sentenced to the Pontiac reformatory prior to the 1933 act and not legally transferred therefrom to the penitentiary, would be entitled to discharge from custody because the reformatory had been dispensed with, is inconceivable. It must also be borne in mind that the General Assembly would have no power to do such a thing." The court reached a like decision in Purdue v. Ragen, 1940, 375 Ill. 98, 30 N.E.2d 637.

█ Petitioner's contention that his treatment violates the Sixth Amendment to the Federal Constitution is without legal merit. This Amendment guarantees a speedy and public trial in criminal prosecutions, and is a guaranty only against arbitrary federal action, not against state action. If the petitioner has mistakenly referred to the Sixth Amendment, meaning instead the Eighth Amendment, which guarantees that cruel and unusual punishments shall not be inflicted, he is in error in applying to the District Court, since this Amendment likewise is not a guaranty against state action.

No cases have been found which would support petitioner's contention that inadequate medical attention is ground for the granting of a writ of habeas corpus by a federal court. Under section 452 of title 28, U.S.C.A., the issuance of the writ would appear to be limited to making "an inquiry into the cause of restraint of liberty."

Petitioner's petition to proceed as a poor person is allowed. His application for leave to file a petition for a writ of habeas corpus is denied for the reason that this court is without jurisdiction to entertain it.