[Crim. No. 495.   Fourth Dist.   Jan. 4, 1946.]

THE PEOPLE, Respondent, v. FRED TATE, Appellant.

Fred Tate in pro. per. for Appellant.

Robert W. Kenny, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

GRIFFIN, J.—Defendant and appellant was charged in count I of an information with the crime of grand theft in that he did on May 7, 1945, "wilfully, unlawfully and feloniously take and steal from the person of one Robert Nealey certain personal property, to wit, lawful money of the United States of America," in violation of sections 484 and 487 of the Penal Code. In counts II, III and IV, he is charged with prior convictions of felonies and the serving of prison terms thereunder. Defendant pleaded not guilty to count I and admitted the prior convictions as charged. After trial, a jury found him guilty on count I. The court sentenced him to state prison for the term prescribed by law and adjudged him to be an habitual criminal. Defendant was represented by counsel at

his trial but he has filed his own notice of appeal and has prepared a document setting forth certain claimed errors and denominated it an opening brief.

On May 7, 1945, the complaining witness, Robert Neeley, entered a cafe in Brawley. He had about $80 in bills in his wallet, which wallet was in his pants pocket. He and defendant sat on stools, talking and drinking. Neeley brought out his wallet, in defendant's presence, to buy a drink. He later went to the back of the cafe to the rest room, returned, and then sat at the counter with his head down upon it and went to sleep. After a few minutes passed he moved over to a booth and continued his sleep. Thereafter, he stood up for a while and then fell upon the floor. At that time, defendant went over to him, leaned over him as though he was trying to pick him up, and while doing so, he put his hand in Neeley's trouser pocket, withdrew the wallet containing the currency, and placed it in his own pocket. This was observed by two eyewitnesses who were present in the cafe. Defendant immediately left the premises and went down an alley. One of the witnesses followed him, shouted to him, but defendant ''broke and ran.'' Within ten minutes thereafter Neeley aroused himself and discovered that his wallet was gone. He reported the loss to the police.

One witness, who saw defendant remove the wallet from Neeley's pocket, went to defendant's house, told him that too many people had seen him take the money, and that he should give it back. He denied he had it.

At the trial defendant and the proprietress of the cafe testified that when Neeley fell to the floor defendant did not go near him but did leave the cafe shortly thereafter.

Defendant argues first that he ''. . . was denied his National and Statutory Constitutional Rights . . . 'Due Process of Law, Equal Protection of the Laws, Privileges of Immunities.' '' Second, that he ''was prosecuted illegally and unlawfully, as shown in the Information, to-wit: 'COUNT I, Grand Theft, in violation of Sections 484 and 487 of the Penal Code . . .' ''; that ''the Trial Court made errors of instructions to the Jury to the extreme prejudice of defendant . . .''; that ''the Habitual Criminals Act, which the trial court adjudged him to be illegal and unlawful''; that ''no police officer ever testified at the trial . . .''; and Third, that the ''Information shows two counts or offenses in one count alone, which is placing appellant twice in jeopardy for the same offense''; that ''there is

room for reasonable doubt, too, as the complainant's testimony was non judicata, due to the fact that he did not prove a corpus delicti, or prima facie whatsoever. . . .''

Wherein defendant has been denied his constitutional right to a fair and impartial trial does not appear from the record nor is it pointed out in his argument. There was no defect in the charging portion of the information as claimed. The count specifically charged defendant with the crime of grand theft. The fact that it contained the additional clause: ''in violation of Sections 484 and 487 of the Penal Code'' does not charge the defendant with two offenses, as claimed. But one crime, to wit, grand theft, is charged.

Most of the claimed errors will be considered under the question whether the evidence is sufficient to support the verdict. As we view the defendant's argument, it is his contention that the testimony of Neeley was not sufficient to establish the corpus delicti. It is argued that Neeley did not know that defendant took the money from his pocket. There is direct evidence of two other witnesses to the effect that they saw the defendant take the money from Neeley's pocket. This was sufficient proof of that fact without the testimony of Neeley.

It is next argued that the testimony of the witnesses for the defense established, as a matter of law, a reasonable doubt as to his guilt. A mere statement of the testimony of the witnesses shows only a conflict in the evidence. There was substantial evidence, if believed by the jurors, and of which they are the judges, to justify the finding of guilty as to the first count. (*People* v. *Hennessey*, 201 Cal. 568 [258 P. 49].) We see no merit to this argument.

The last contention is that defendant was improperly adjudged an habitual criminal. The second count of the information charged that he had been previously convicted of a felony, to wit, violation of the Drug Act in the State of Utah, and that he served a term of imprisonment in the United States prison at Leavenworth, Kansas.

The third count charges that in Oregon, he was convicted of a felony, to wit, the crime of assault with intent to kill, and served a term of imprisonment in the Oregon State Prison.

In the fourth count it is charged that he was previously convicted in the State of Utah with a felony, to wit, the crime of burglary (second degree), and that he served a term of imprisonment therefor in the Utah State Prison. On arraign-

ment, when he was represented by counsel, defendant fully admitted the three prior convictions as charged and thereafter went to trial upon the plea of not guilty as to the charge set forth in the first count. On June 22, 1945, at the time of the arraignment for judgment, the court adjudged the defendant to be an habitual criminal, as provided by Penal Code section 644, subdivision (a). The date of the commission of the offense and the date of sentence were both prior to the effective date of the amendment to that section which was enacted on June 16, 1945, and went into effect on the 91st day thereafter. (Stats. 1945, chap. 934.) Under that section, as it then existed, "Every person convicted in this State of any felony who shall have been previously twice convicted upon charges separately brought and tried, and who shall have served separate terms therefor in any State prison and/or Federal penitentiary, either in this State or elsewhere, of the crime of robbery, burglary . . . assault with intent to commit murder, . . . felonious assault with a deadly weapon, . . . shall be adjudged an habitual criminal and shall be punished by imprisonment in the State prison for life." The constitutionality of this section has been determined on many occasions. (*In re Rosencrantz*, 205 Cal. 534 [271 P. 902]; *People* v. *d'A Philippo*, 220 Cal. 620 [32 P.2d 962]; *People* v. *Willison*, 116 Cal.App. 157 [8 P.2d 543]; *People* v. *Floth*, 8 Cal.App.2d 600 [47 P.2d 817]; *In re Rogers*, 20 Cal.App.2d 397 [66 P.2d 1237].)

The prior conviction of violation of the Drug Act is not a felony enumerated in section 644, subdivision (a), *supra*, and is not, therefore, a prior conviction which will serve as a basis for an adjudication of habitual criminality. However, assault with intent to kill and burglary are both crimes enumerated in that section and the prior conviction of such, with the service of prison terms therefor, does serve as such a basis. The defendant was properly found to be twice previously convicted of, and served prison terms for, crimes enumerated therein and he was properly adjudged to be an habitual criminal thereunder.

We assume, from defendant's brief, that it is his contention that the full faith and credit clause of article IV of the federal Constitution was violated because of the failure of the prosecution to introduce properly authenticated documents to support the finding that defendant suffered the prior

convictions above mentioned. We are unable to see that any question of violation of such constitutional provision arises here, first, because nowhere in the record does it show that any documents or records whatever were introduced; secondly, defendant admitted the charges of those prior crimes and the service of sentences thereunder, therefore, it was not necessary that any further evidence be taken in reference thereto. (*People* v. *Stone*, 69 Cal.App.2d 533, 535 [159 P.2d 701].)

We have studied the record of this case carefully and have been unable to find any errors therein. Defendant had a fair and impartial trial. The evidence of his guilt was overwhelming.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing was denied January 14, 1946.