[Crim. No. 704. Fourth Dist. Apr..3, 1947.]

THE PEOPLE, Respondent, v. FRED TATE, Appellant.

Fred Tate, in pro. per. for Appellant.

Fred N. Howser, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with grand theft and with prior convictions. He admitted the prior convictions and a jury found him guilty on the main charge. He was adjudged an habitual criminal and sentenced to state prison for the term prescribed by law. He appealed and the judgment of conviction was affirmed. (*People* v. *Tate*, 72 Cal. App.2d 467 [164 P.2d 556].) Thereafter, he filed in the trial court a petition for a writ of error *coram nobis*. After a hearing, at which the defendant was present and represented by counsel, the petition was denied. From the order denying said petition this appeal was taken.

█ The appellant argues that he was denied his statutory and constitutional rights; that the original information was not sufficient; that "there was not a *corpus delicti* proven"; that it was not proved that there had been a crime committed; that the court made erroneous rulings on the admission of evidence; and that the fact that he was an habitual criminal was not established. All of these matters could have been raised on the appeal from the judgment and practically all, if not all, were so raised. It is well settled that under such circumstances a second review cannot be secured through the writ here relied upon. (*People* v. *Mooney,* 178 Cal. 525 [174 P. 325] ; *People* v. *Egan,* 73 Cal.App.2d 894 [167 P.2d 766].) In principle, every point here raised was covered, adversely to the appellant, in the opinion in the case last cited.

█ The appellant further contends that the judgment was based upon perjured testimony, and that his counsel at the time of trial failed to bring out the fact that the testimony was perjured. There is nothing in the record to sustain this contention. At the hearing on this petition in the trial court, while there was considerable argument and the appellant made several statements as to his contentions, no evidence was produced or offered. While in his statements the appellant complained that the transcript of the evidence taken at the preliminary examination was not produced and introduced at the trial, and that the variance between certain testimony as given at the preliminary hearing and as given at the trial constituted perjury, it was not pointed out just what testimony was claimed to be perjured and no evidence was introduced for the purpose of establishing such a fact.

In his briefs on this appeal, the appellant refers to and relies on certain testimony which purports to be a quotation from the record at the preliminary hearing and other testimony from the record at the time of the trial. Assuming that this record was properly before us, the matters referred to either constitute slight variances in testimony concerning immaterial matters, or relate to things concerning which there was an abundance of other evidence. Nothing now presented by the appellant would justify any interference with the judgment of conviction. (*People* v. *Kirk,* 76 Cal.App.2d 496 [173 P.2d 367].)

Nothing appears to indicate that the appellant did not have a fair and impartial trial and, as this court said in deciding

the appeal from the judgment, "the evidence of his guilt was overwhelming."

The order appealed from is affirmed.

Marks, J., and Griffin, J., concurred.

A petition for a rehearing was denied April 14, 1947, and appellant's petitions for a hearing by the Supreme Court and for subpoena duces tecum were denied May 1, 1947.