## HUFFMAN v. SMITH.

### No. 12052.

United States Court of Appeals
Ninth Circuit.
Jan. 19, 1949.

William J. Huffman, in pro. per.

Smith Troy, Atty. Gen., State of Washington, and C. John Newlands, Asst. Atty. Gen., for appellee.

Before DENMAN, Chief Judge, and BONE and ORR, Circuit Judges.

**DENMAN, Chief Judge.**

This is an appeal from an order denying appellant's motion to sue in forma pauperis and, as such suitor, to file a writ of habeas corpus against appellee, Warden of the Washington State Penitentiary. The statute applicable at the time the order was made is § 832, 28 U.S.C., 28 U.S.C.A. § 832, providing

"Suits, and so forth, by poor persons; prepayment of fees and costs. Any citizen of the United States entitled to commence any suit or action, civil or criminal, in any court of the United States, may, *upon the order of the court,* commence and prosecute or defend to conclusion any suit or action * * * without being required to prepay fees or costs or for the printing of the record in the appellate court or give security therefor, before or after bringing suit or action, or upon * * * appealing, *upon filing in said court* a statement under oath in writing, that because of his poverty he is unable to pay the costs of said suit or action or * * * appeal, or to give security for the same, and that he believes that he is entitled to the redress he seeks in such suit or action on * * * appeal, and setting forth briefly the nature of his alleged cause of action, or appeal. * * *" (Emphasis supplied.)

■ The pertinent portion of this statute is in the phrase "entitled to commence any * * * action." If the petition states no cause of action it is long established that the motion to sue in forma pauperis must be denied. Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 45, 35 S.Ct. 236, 59 L.Ed. 457; Johnson v. Hunter, 10 Cir., 144 F.2d 565, 566.

In the revision of Title 28, the above provision was repealed and § 1915 substituted. It is:

"Proceedings in forma pauperis

"(a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a citizen who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress."

■ We construe the permissive words "may authorize" to give to the district court the same discretion to refuse to permit the commencement of the action, if it appear that the applicant has no cause of action, as in former section 832.

Appellant was convicted and given separate sentences on two counts of an information charging violations of a Washington statute, Rem. Rev. Stats. sec. 6908, as amended by Chapter 158 of the Laws of 1943, providing:

"Every person who, 1st: having any child under the age of sixteen (16) years dependent upon him or her for care, education or support, deserts such child in any manner whatever, with intent to abandon it; 2nd: wilfully omits, without lawful excuse, to furnish necessary food, clothing, shelter, or medical attendance for his or her child or children or ward or wards; 3rd: Having sufficient ability to provide for his wife's support, or who is able to earn the means for such wife's support, who wilfully abandons and leaves his wife in a destitute condition, or who refuses or neglects to provide such wife with necessary food, clothing, shelter, or medical attendance, unless by her misconduct he is justified in abandoning her, shall be guilty of the crime of family desertion or non-support".

The sentences were, first, for a year for the desertion of the wife and, second, for twenty years for desertion of a child. Appellant contends that this statute creates but a single crime and that the two sentences constitute double jeopardy within the prohibition of Article V of the Amendments to the Federal Constitution.

In addition, appellant alleges a decision of the Washington superior court, entered since his conviction, annulling the marriage to the wife he was held to have deserted. In this connection it appears that the one year sentence for desertion of the wife has been served, and the sole question in habeas corpus is the validity of the twenty year sentence.

■ Since this is a state court sentence, it is a condition precedent to a consideration of his petition for a writ of habeas

corpus that the petitioner has sought the similar relief in the Washington state courts. Ex parte Hawk, 321 U.S. 114, 116, 64 S.Ct. 448, 88 L.Ed. 572.

Since our decision in Hampson v. Smith, 9 Cir., 153 F.2d 417, the Washington habeas corpus law has been amended. Session Laws, 1947, Ch. 256, § 3, now provides that a court or judge may entertain the petition for the writ of habeas corpus "where it is alleged in the petition that rights guaranteed the petitioner by the Constitution of the State of Washington or of the United States have been violated." In § 2 it is further provided that "In the consideration of any petition for a writ of habeas corpus by the Supreme Court, whether in an original proceeding or upon an appeal, if any Federal question shall be presented by the pleadings, it shall be the duty of the. Supreme Court to determine in its opinion whether or not the petitioner has been denied a right guaranteed by the Constitution of the United States."

 It is thus apparent that the Washington habeas corpus law provides appellant a full remedy through all its courts. When finally decided there, the Supreme Court of the United States could entertain his petition for certiorari.

 The motion for leave to commence the habeas corpus proceeding is accompanied by the petition proposed to be filed. It alleges nothing concerning this condition precedent of exhaustion of the habeas corpus remedies of the state. Of this his brief here alleges, and the decision below states, that he had filed a prior petition for the writ in which he alleged he had pursued his remedy in the state courts and that the United States District Court, on an order to show cause, had considered the case on its merits and denied him the writ. However, this prior petition is not a part of the record before us.

We have difficulty in seeing how, with such state remedies, the court below came to consider the case on its "merits," if from that word are excluded the merits of his state court proceedings. However, this may be made clear by an amendment of petitioner's motion to proceed forma pauperis and its accompanying petition for the writ, showing what, if any, habeas corpus proceedings petitioner has pursued in the state courts and, if pursued to a final decision, whether he has sought certiorari in the United States Supreme Court.

The order appealed from is affirmed. In the event the petitioner has exhausted his state remedies he may, if he so elects, renew his motion to proceed in forma pauperis and tender therewith a petition alleging the facts relative to remedies invoked in the state courts.

Affirmed.