**TATE v. PEOPLE of the STATE of CALIFORNIA et al.**

**No. 12711.**

United States Court of Appeals, Ninth Circuit.

Jan. 30, 1951.

Rehearing Denied Feb. 14, 1951.

Fred Tate, in pro. per.

Fred N. Howser, Atty. Gen. of Cal., Doris H. Maier, Deputy Atty. Gen., for appellee.

Before STEPHENS and BONE, Circuit Judges, and FEE, District Judge.

PER CURIAM.

The appellant sought to file a petition for issuance of a writ of habeas corpus. The court denied the right to file such a petition in forma pauperis. Since the record before does not show appellant made "affidavit that he is unable to pay such costs or give security therefor" as required by the statute, 28 U.S.C.A. § 1915, it was proper to deny the right to file on this ground alone. The court held that the petition should be denied filing because no "exceptional circumstances of peculiar urgency," required the issuance of the writ to free petitioner from custody on a conviction affirmed by the appellate courts of the State. See Huffman v. Smith, 9 Cir., 172 F.2d 129. Later, the judge signed a certificate of probable cause in order to permit appeal.

The waste of judicial time in dealing with efforts of this habitual offender against law to break from confinement, which the courts have found necessary in order to protect innocent members of society from his crimes, are set out below.

1–4–46, People v. Tate, 72 Cal.App.2d 467, 164 P.2d 556; 1–14–46, People v. Tate, 72 Cal.App.2d 472, 164 P.2d 556; 4–3–47, People v. Tate, 78 Cal.App.2d 894, 178 P.2d 470; 4–14–47, People v. Tate, 78 Cal.App.2d 896, 178 P.2d 470; 5–1–47, People v. Tate, 78 Cal.App.2d 896, 178 P.2d 470; 11–14–47, Court of Appeal of California, denied without opinion, 3 Crim. 2049; 12–11–47, Petition for Hearing, 3 Crim. 2049, California Supreme Court, denied without opinion; 6–14–48, Petition for writ of certiorari from 3 Crim. 2049, denied without opinion, Tate v. Heinze 334 U.S. 842 68 S.Ct. 1503, 92 L.Ed. 1766; 10–11–48, Petition for Rehearing in United States Supreme Court, denied, 335 U.S. 839, 69 S.Ct. 8, 93 L.Ed. 91; 12–13–48, Petition for writ of habeas corpus, United States District Court, Northern Dist. California, Northern Division, denied, No. 6068; 2–1–49, Allowance of Appeal, No. 6068, denied by Court of Appeals, Ninth Circuit; 2–23–49, Rehearing denied; 6–23–49, Writ of habeas corpus denied by Sacramento Superior Court, No. 17323; 10–25–49, Writ of habeas corpus, Court of Appeal of California, 3 Crim. 2180, denied without opinion; 11–21–49, Hearing by the California Supreme Court, denied without opinion; 2–13–50, Writ of certiorari to review, 3 Crim. 2180, denied by the United States Supreme Court, Tate v. Heinze, 338 U.S. 956, 70 S.Ct. 491; 3–27–50, Rehearing denied by the United States Supreme Court, Tate v. Heinze, 339 U.S. 926, 70 S.Ct. 610, 94 L.Ed. ——; 5–1–50, Second Rehearing denied by the United States Supreme Court, 339 U.S. 950, 70 S.Ct. 798, 94 L.Ed. ——.

Unquestionably, petitioner was justly convicted, and the sentence under the state Habitual Criminal Act, Pen. Code, § 644, was justified. In view of the fact that there is no merit in the present petition, the petition to file forma pauperis should have been denied without hesitation. We only comment that there was no ground for a certificate of probable cause for ap-

peal. The only reason why such a certificate is justified is the abuse of this process, which has been engendered by some appellate rulings.

The appeal is dismissed.