## EKBERG v. McGEE, Director, California Department of Corrections et al.

### No. 12709.

United States Court of Appeals
Ninth Circuit.

Aug. 31, 1951.

Rehearing Denied Oct. 25, 1951.

Allan L. Sapiro and Henry C. Todd, San Francisco, Cal., for appellant.

Edmund G. Brown, Atty. Gen., State of Cal. and Doris H. Maier, Deputy Atty. Gen., of the State of Cal., for appellee.

Before DENMAN, Chief Judge, and HEALY and ORR, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from an order of the district court refusing to allow appellant Ekberg to file, in forma pauperis, an application for a writ of habeas corpus. The district court found that the applicant, a prisoner confined on a conviction of felony in the state courts of California, had exhausted his state remedies and that the Supreme Court of the United States, 339 U.S. 969, 70 S.Ct. 988, 94 L.Ed. 1377, denied certiorari to review the action of the Supreme Court of the State of California in denying his petition for habeas corpus. The brief of the appellee admits that the application for the writ in the district court presents no grounds which have not been presented heretofore in the action filed by appellant in the state court, namely, the petition for the writ of habeas corpus to the California Supreme Court.

The ground of the district court's decision is that, although the appellant had exhausted the state remedy in habeas corpus, he must nevertheless show exceptional circumstances to warrant the exercise of his discretion to refuse to allow the filing of his application for the writ "if it appear that the applicant has no cause of action". Huffman v. Smith, 9 Cir., 172 F.2d 129, 130. Where an examination of the state record shows a cause of action, the Supreme Court, in Hawk v. Olson, 326 U.S. 271, 276, 66 S.Ct. 116, 119, 90 L.Ed. 61,

requires its consideration in either of the following situations: "When the state does not provide corrective judicial process, the federal courts will entertain habeas corpus to redress the violation of the federal constitutional right. White v. Ragen, 324 U.S. 760, 65 S.Ct. 978 [89 L.Ed. 1348]. When the corrective process is provided by the state but error, in relation to the federal question of constitutional violation, creeps into the record, we have the responsibility to review the state proceedings. Williams v. Kaiser, 323 U.S. 471, 472, 65 S.Ct. 363, 364 [89 L.Ed. 398]; Tomkins v. [State of] Missouri, supra [323 U.S. 485, 65 S.Ct. 370, 89 L.Ed. 407]."

The district court declined so "to review the state proceedings," giving as its reasons: "Where a state court has considered and adjudicated the merits of a petitioner's contentions a federal court will not ordinarily re-examine upon writ of habeas corpus the questions thus adjudicated. The State of California accords remedies which give due process of law and there is nothing alleged which presents 'exceptional circumstances of peculiar urgency' which entitled him to the issuance of the writ. Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; U. S. ex rel. Kennedy v. Tyler, 269 U.S. 13, 46 S.Ct. 1, 70 L.Ed. 138. This being the situation this court should deny the right to file the petition in forma pauperis and it is so ordered. Huffman v. Smith, 172 F.2d 129."

We think the district court erred in holding exceptional circumstances must be shown before the federal court or judge may be called upon to exercise the discretion described in Huffman v. Smith, supra, 172 F.2d 130. The applicable statute is 28 U.S.C. § 2254, providing:

"§ 2254. State custody; remedies in State courts

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, *or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.*

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." (Emphasis supplied.)

The italicized alternatives after the word "or" have not application where, as here, there is an effective state remedy of which the applicant has availed himself. This construction of § 2254 is in accord with the prior holding in Ex parte Hawk, supra: "The statement that the writ is available in the federal courts only 'in rare cases' presenting 'exceptional circumstances of peculiar urgency', often quoted from the opinion of this Court in United States ex rel. Kennedy v. Tyler, supra, 269 U.S. 17, 46 S.Ct. [1] 3, 70 L.Ed. 138, was made in a case in which the petitioner had not exhausted his state remedies and *is inapplicable* to one in which the petitioner has exhausted his state remedies, and in which he makes a substantial showing of a denial of federal right." [231 U.S. 114, 64 S.Ct. 450.] (Emphasis supplied.)

It is so recognized in Darr v. Burford, 339 U.S. 200, 211, 70 S.Ct. 587, 94 L.Ed. 761.

The appellee also contends that appellant has not exhausted his state remedies because under the California law a decision on a petition for the writ of habeas corpus is not res judicata. Hence, the argument is, he has still an "available process" in a second petition for the writ setting forth the same grounds as in the prior writ.

Assuming but not deciding that such is the California law, we do not so construe the provisions of § 2254, for to do so would require the absurdity that a prisoner convicted under the California law never could have the benefit of that section. That section is satisfied where the applicant for the writ has once availed himself of his state remedies.

Since the district court's only ground for the refusal to exercise the discretion above described is the absence of special

circumstances, the judgment is reversed and the court ordered to give the application its further consideration.

HEALY, Circuit Judge (dissenting).

The appeal is from an order denying an application for leave to file a habeas corpus petition *in forma pauperis.* Such an application is addressed to the discretion of the trial court, Huffman v. Smith, 9 Cir., 172 F.2d 129, Tate v. People, 9 Cir., 187 F.2d 98, and I am unable to see that the court abused its discretion. The petition for the writ presented no question of substance. Most of the points raised had been fully considered by the California court on appeal from the judgment of conviction, People v. Ekberg, 94 Cal.App.2d 613, 211 P.2d 316, and their lack of merit exposed. In respect of points not urged on the direct appeal there is likewise no substantial showing of the denial of a federal right. I would affirm the judgment.