Otis BRYANT, Plaintiff,

v.

Z. E. HARRELSON, Warden, Retrieve State Farm, Defendant.

United States District Court
S. D. Texas,
Houston Division.
Oct. 11, 1960.

Otis Bryant, pro se.

INGRAHAM, District Judge.

Otis Bryant, a State prisoner, has forwarded three copies of his complaint, wherein he, as plaintiff, purports to sue Z. E. Harrelson, Warden, Retrieve State Farm, defendant. Forwarded therewith, also in triplicate, is his motion to proceed in forma pauperis, supported by his affidavit of poverty.

Plaintiff is an inmate of the Texas Department of Corrections. Defendant Harrelson is Warden of the Retrieve State Farm. Plaintiff asserts causes of action arising under the following: (1) 28 U.S.C.A. § 1343(3) which forbids generally deprivation of constitutional rights; (2) 42 U.S.C.A. § 1985(3) which provides for damages against conspirators who interfere with civil rights; (3) by necessary implication, 42 U.S.C.A. § 1983 which provides for damages against individuals who interfere with civil rights; and (4) Eighth Amendment to the Constitution of the United States which prohibits cruel and unusual punishment. Damages in the sum of $50,-000 are sought for these alleged violations.

■ Plaintiff alleges that he is not a citizen of the State of Texas but is a citizen of the United States, without alleging of what state he is a citizen. Plaintiff alleges that the defendant is a citizen of the State of Texas. His incomplete allegations are not sufficient to support diversity jurisdiction.

Plaintiff alleges he was whipped by defendant. No serious bodily injury is claimed. Indeed, nowhere does plaintiff maintain he has been harmed physically by defendant. The affidavit of his mother, executed in Cameron County, Texas, adds nothing. The affidavit of Attorney Davey lends no aid. The following allegations relate only to internal discipline in a prison system: (1) work assignment to the fields; (2) physical classifications; and (3) confinement in segregation unit with attendant inconveniences of food, quarters, and the like.

■ In light of these allegations, the court turns to an examination of the law applicable to each claimed cause of action. Diversity is not a prerequisite for causes of action arising under 28 U.S.C.A. § 1343(3). The amount in controversy is also immaterial when the right involved is one of personal liberty. Hague v. C. I. O., 1939, 307 U.S. 496, 531, 59 S.Ct. 954, 83 L.Ed. 1423. 28 U.S.C.A. § 1343(3) requires an invasion of a recognized constitutional right. Likewise, 42 U.S.C.A. § 1983 demands a similar interference with constitutional guarantees. Clearly, due process forbids infliction by prison officers of serious physical injury upon inmates. Gordon v. Garrson, D.C.E.D.Ill.1948, 77 F.Supp. 477, recognizes such conduct by prison officials to be violative of 28 U.S.C.A. § 1343(3) and 42 U.S.C.A. § 1983. Plaintiff asserts no such serious physical injury as is found in that case. We find an allegation of one instance of whipping without talk of any injury to plaintiff. Without more, that alleged incident is insufficient to invoke these statutes.

Plaintiff's objections to the internal prison discipline and rules are catalogued, supra. Siegel v. Ragen, D.C.E.D.Ill.1949, 88 F.Supp. 996, affirmed 7 Cir., 1950, 180 F.2d 785, certiorari denied 1950, 339 U.S. 990, 70 S.Ct. 1015, 94 L.Ed. 1391, disposes of these complaints. The district court said in 88 F.Supp. at pages 999–1000:

"This Court is prepared to protect State prisoners from death or serious bodily harm in the hands of prison authorities, but is not prepared to establish itself as a 'co-adminis-

740

trator' of State prisons along with the duly appointed State officials. All the remaining matters alleged in the amended complaint are strictly matters of internal administration and discipline, and it is not the function of a Federal Court to assume the status of an appellate tribunal for the purpose of reviewing each and every act and decision of a State official. * * * Since, therefore, plaintiffs * * * have not alleged the infliction of serious bodily harm, they have failed to state a cause of action under the Civil Rights Act * * *."

The matters so dismissed in the Ragen case are strikingly similar to plaintiff's objections: (1) placement in solitary confinement; (2) segregation unit discomforts; and (3) refreshment funds. Our own Court of Appeals has likewise refused to interfere with prison discipline. Tabor v. Hardwick, 5 Cir., 1955, 224 F.2d 526, certiorari denied 1956, 350 U.S. 971, 76 S.Ct. 445, 100 L.Ed. 843. Therefore, absent allegations of serious bodily injury, plaintiff's allegations with respect to internal prison regulations state no cause of action under 28 U.S.C.A. § 1343(3) and 42 U.S.C.A. § 1983.

 Plaintiff's claims under 42 U.S.C.A. § 1985(3) may be summarily dismissed. This section gives a cause of action only for violations of equal protection of the laws, not due process. Nowhere does the complaint contain anything purporting to be a violation of the equal protection clause. Certainly the alleged words of defendant Harrelson at the time of the supposed whipping do not constitute such a violation.

As for the Eighth Amendment's "cruel and unusual punishment" clause, it is inapplicable. McElvaine v. Brush, 1891, 142 U.S. 155, 12 S.Ct. 156, 35 L.Ed. 971, compels this conclusion. Ex parte Barnard, D.C.E.D.Ill.1943, 52 F.Supp. 102, at page 104, states, " * * * the Eighth Amendment * * * is not a guaranty against state action." The Ragen case, cited supra, is to the same effect in 88 Fed.Supp. at page 999.

None of plaintiff's causes of action are meritorious. 28 U.S.C.A. § 1915 (a) states that the district courts "may authorize" (emphasis added) proceedings in forma pauperis. A federal court will not grant leave to a poor person to proceed in forma pauperis under this section if it is clear that the proceeding which he proposes to conduct is frivolous and without merit. Gilmore v. United States, 8 Cir., 1942, 131 F.2d 873, 874; Huffman v. Smith, 9 Cir., 1949, 172 F.2d 129, 130.

Plaintiff's petition to proceed in forma pauperis is therefore denied. Two copies of his petition and motion will be returned to him, along with a copy of this Memorandum and Order. The third copy will be retained by the clerk for his files.

An information copy of this Memorandum and Order will be forwarded to the Attorney General of Texas.