**Billy BLYTHE, Plaintiff,**

v.

**O. B. ELLIS, Director, Texas Department of Corrections, Defendant.**

United States District Court
S. D. Texas,
Houston Division.

May 17, 1961.

Billy Blythe, plaintiff, pro se.

INGRAHAM, District Judge.

Plaintiff, Billy Blythe, an inmate in the Texas Department of Corrections, seeks leave to file a damage suit in forma pauperis against defendant, O. B. Ellis, Director of the Department. No diversity of citizenship exists, for both are Texas citizens. Plaintiff cites no federal statute under which he purports to sue. Although it would seem that there are certain minimum standards of pleading applicable even to laymen, inasmuch as plaintiff is obviously unfamiliar with law, it will be assumed that this suit is brought under 28 U.S.C.A. § 1343(3) and 42 U.S.C.A. § 1983.

On May 1, 1959, plaintiff underwent surgery for a hemorrhoidal condition. On May 19, 1959, plaintiff had an interview with defendant with respect to a personal problem of plaintiff. Defendant thereupon allegedly ordered plaintiff committed to solitary confinement. This order is said to be unjustified and malicious. Plaintiff was yet weak from surgery. The place of solitary confinement was most unpleasant and detrimental to health. It was subject to frequent flooding due to poor plumbing. Upon plaintiff's emergence from solitary (the length of plaintiff's stay there is not specified), sickness and more surgery resulted from the unhealthful conditions alluded to above.

Defendant's unjustified ordering of plaintiff into solitary confinement is said to constitute "cruel and inhuman punishment" violative of the Eighth Amendment. Redress in the amount of $75,000 general damages and $25,000 "special damages" is sought.

The court is of the opinion that defendant's alleged conduct constitutes "internal discipline". Federal courts do not inquire into such matters as solitary confinement, refreshment funds, work assignments, etc. Bryant v. Harrelson, D.C.S.D.Tex.1960, 187 F.Supp. 733; Siegel v. Ragen, D.C.E.D.Ill.1949, 88 F. Supp. 996, affirmed 7 Cir., 1950, 180 F.2d 785, certiorari denied 1950, 339 U.S. 990, 70 S.Ct. 1015, 94 L.Ed. 1391. No intentional deprivation of essential medical care or infliction of serious bodily injury appears. Unlike "internal discipline", those occurrences are actionable. Gordon v. Garrson, D.C.E.D.Ill.1948, 77 F. Supp. 477; Coleman v. Johnston, 7 Cir., 1957, 247 F.2d 273; Butler v. Ellis, C.A. 13,551, Houston Division, Southern District of Texas, unpublished opinion of March 10, 1961.

As for the Eighth Amendment's "cruel and unusual punishment" clause, it is inapplicable. McElvaine v. Brush, 1891, 142 U.S. 155, 12 S.Ct. 156, 35 L.Ed. 971, compels this conclusion. Ex parte Barnard, D.C.E.D.Ill.1943, 52 F.Supp. 102, at page 104, states " * * * the Eighth Amendment * * * is not a guaranty against state action." The Ragen case, supra, is to the same effect in 88 F.Supp. at page 999. See also Bryant v. Harrelson, supra, 187 F.Supp. at page 740.

No cause of action is stated. 28 U.S.C.A. § 1915(a) states that the district courts *"may* authorize" (emphasis supplied) proceedings in forma pauperis. A federal court will not grant leave to a poor person to proceed in forma pauperis under this section if it is clear that the proceeding which he proposes to conduct is frivolous and without merit. Huffman v. Smith, 9 Cir., 1949, 172 F.2d 129, 130; Bryant v. Harrelson, supra, 187 F.Supp. at page 740.

Plaintiff's petition to proceed in forma pauperis is therefore denied.

True copies of this Memorandum and Order will be forwarded by the clerk to Blythe and the Attorney General of Texas. The clerk will retain the papers.