UNITED STATES ex rel. Harry
N. EGGLESTON

v.

Herman B. SNOW, Medical Director, Hudson River State Hospital, his agents, assigns and successors.

United States District Court
S. D. New York.
June 19, 1963.

Harry N. Eggleston, relator, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, for respondents; Flavius N. Costerella, Asst. Atty. Gen. of New York, of counsel.

METZNER, District Judge.

This is a petition for a writ of habeas corpus by a person who is held in Hudson River State Hospital as a mentally ill person. Leave to proceed in forma pauperis was granted on May 22, 1963. The petition appears to seek relator's release on three grounds: first, that he is no longer mentally ill; second, that in five prior proceedings for habeas corpus in the state courts he has been denied the rights of confrontation, compulsory process, and counsel, guaranteed by the Sixth Amendment to the federal constitution; and third, that his detention violates the Eighth Amendment prohibition against cruel and unusual punishments and excessive fines.

The petition states that relator was committed to Rockland State Hospital on September 15, 1940, and transferred to Hudson River State Hospital on October 30, 1942.

An affidavit has been filed by an assistant attorney general of the State of New York, which states that on May 10, 1963 "a complete hearing" was held on a writ of habeas corpus brought on by relator in the Supreme Court of Dutchess County, and that on May 16, 1963 the writ was dismissed. The affidavit states that relator testified in that proceeding, and that, on May 21, he was personally served with the order dismissing the

petition. The affidavit suggests that relator has not exhausted his state remedies since he has not appealed from this order.

Relator has filed a reply affidavit in which he states that he was not served with the return to the above-mentioned state writ, or with the order dismissing the writ. He does not deny, however, that he testified in said proceeding. He states that he has tried to appeal from the dismissals of two previous writs, but that the Appellate Division never replied to his requests for permission to proceed in forma pauperis.

■ The petition should be denied on the ground that relator has not exhausted his state remedies (28 U.S.C. § 2254), since he may still appeal from the most recent denial of his petition for habeas corpus in the state courts. However, the petition must be denied on the further ground that it does not set forth any basis on which a federal court may grant relief to a person detained by a state as mentally ill.

■■ Insofar as relator's petition is based on any claim under the Eighth Amendment, it must be dismissed since that amendment is inapplicable to the states. Blythe v. Ellis, 194 F.Supp. 139 (S.D.Tex.1961); Siegel v. Ragen, 88 F. Supp. 996 (N.D.Ill.1949), aff'd, 180 F.2d 785 (7th Cir.), cert. denied, 339 U.S. 990, 70 S.Ct. 1015, 94 L.Ed. 1391 (1950); Ex parte Barnard, 52 F.Supp. 102 (E.D. Ill.1943). Furthermore, relator is detained pursuant to a civil determination of mental incompetence.

■ The Sixth Amendment, insofar as it is applicable to the states through the Fourteenth Amendment, has reference only to criminal prosecutions. Habeas corpus proceedings are civil in nature, and therefore relator cannot complain of the failure of the state to furnish him counsel or compulsory process in such proceedings. Ex parte Tom Tong, 108 U.S. 556, 27 L.Ed. 826, 2 S.Ct. 871 (1883); Dorsey v. Gill, 80 U.S.App. D.C. 9, 148 F.2d 857, 877 (D.C.Cir.),

cert. denied, 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003 (1945) (right to counsel); Burgess v. King, 130 F.2d 761 (8th Cir. 1942) (right of confrontation).

■■ Relator's claim that he is no longer mentally ill is not an issue that may be raised in a federal court on an application for a writ of habeas corpus by a person detained in a state hospital. The care and treatment of the mentally ill are a function of the state in its role as parens patriae, and a federal court is not the proper forum in which to raise the question of sanity. Williams v. Shovlin, 207 F.Supp. 634 (M.D.Pa.1962); see Hall v. Verdel, 40 F.Supp. 941, 944 (W.D.Va.1941) (dictum).

Petition denied. So ordered.