Willie **BEARD**, Appellant,

v.

A. F. **LEE** et al., Appellee.

No. 24722.

United States Court of Appeals Fifth Circuit.

July 1, 1968.

750

Willie Beard, pro se.

MacDonald Gallion, Atty. Gen., Gordon Madison, Asst. Atty. Gen., Montgomery, Ala., for appellee.

Before GODBOLD and SIMPSON, Circuit Judges, and McRAE, District Judge.

PER CURIAM:

Appellant, a Negro prisoner at Atmore Prison Farm, part of the Alabama penal system, filed a pro se petition seeking injunctive relief under the Civil Rights Act, 42 U.S.C.A. § 1983, or habeas corpus relief, from allegedly inhumane prison conditions. The district court for the Southern District of Alabama dismissed the petition without prejudice on March 6, 1967, on the ground that an order of the Middle District of Alabama in the three-judge district court case of Washington v. Lee, 263 F.Supp. 327 (M.D. Ala.1966), entered Dec. 12, 1966, already had set forth clearly the right of Negro citizens not to be segregated, classified, designated, or otherwise subjected to racial distinctions in confinement in the state penal system, and that the Middle District had retained jurisdiction of that case. Washington was a class action, and appellant is a member of the class.

On March 13, 1967, the Supreme Court granted a stay of the Washington order pending appeal. Lee v. Washington, 386 U.S. 952, 87 S.Ct. 1015, 18 L. Ed.2d 100 (1967). In March, 1968, the Supreme Court affirmed the district court in a per curiam opinion, Lee v. Washington, 390 U.S. 333, 88 S.Ct. 994, 19 L.Ed.2d 1212 (1968).

The order in Washington, now in effect, requires desegregation of penal facilities in the State of Alabama but recognizes the need for a somewhat gradual procedure for maximum security institutions such as Atmore.

■ Various of the complaints alleged by appellant are charged to arise from discriminatory racial motivations, either directed at him individually because of his race or because of the system of racially segregated prison institutions employed by the State of Alabama. Insofar as appellant complains only of being segregated and of conditions at Atmore being inferior to those at prisons reserved for white inmates, his charges are covered by the *Washington* proceedings and by the reporting procedures and continuing jurisdiction provided by the order in that case.

■ Various other complaints of appellant are purely of matters of prison discipline and of internal prison administration, which are for prison authorities and not for the courts. Walker v. Blackwell, 360 F.2d 66 (5th Cir. 1966) (federal prison); Walker v. Pate, 356 F.2d 502 (7th Cir.), cert. denied, 384 U. S. 966, 86 S.Ct. 1598, 16 L.Ed.2d 678 (1966) (state prison); Childs v. Pegelow, 321 F.2d 487 (4th Cir. 1963), cert. denied, 376 U.S. 932, 84 S.Ct. 702, 11 L. Ed.2d 652 (1964) (federal prison); Tabor v. Hardwick, 224 F.2d 526 (5th Cir. 1955), cert. denied, 350 U.S. 971, 76 S. Ct. 445, 100 L.Ed. 843 (1956) (federal prison); Adams v. Ellis, 197 F.2d 483 (5th Cir. 1952) (state prison); Blythe v. Ellis, 194 F.Supp. 139 (S.D.Tex.1961) (state prison).

■ However, there remains another issue. We understand appellant's petition to include allegations of cruel and unusual punishment vel non, some charged to be racially motivated and others not, and consisting of practices which on the face of the petition go beyond matters exclusively of prison discipline and administration. To this extent appellant's petition alleges matters over which the courts have jurisdiction and which are not necessarily terminated by actions taken under the *Washington* order.

■■ We express neither belief nor disbelief of the appellant's claims of cruel and unusual punishments and at this stage no opinion on what conditions qualitatively must exist to constitute violations of constitutional standards.[1] All we say at this juncture is that appellant has alleged enough to be entitled to a forum on his claims of cruel and unusual punishment.

Of course, the district court, if it wishes to do so, is free to inquire and determine whether the practices which appellant charges (if they have existed at all) no longer exist by reason of actions taken by the State of Alabama pursuant to the *Washington* order.

The appellant should be given the opportunity of verifying his petition, if the form is considered insufficient.

Reversed and remanded with directions.

1. The Eighth Amendment to the Constitution of the United States forbids infliction of cruel and unusual punishments. Through the action of the Fourteenth Amendment it applies to the states. Robinson v. State of California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). It was adopted to prevent inhuman, barbarous or torturous punishment. Black v. United States, 269 F.2d 38 (9th Cir. 1959), cert. denied, 361 U.S. 938, 80 S.Ct. 379, 4 L.Ed.2d 357 (1960). See also Jordan v. Fitzharris, 257 F.Supp. 674 (N.D.Cal.1966); Ex parte Pickens, 101 F.Supp. 285, 13 Alaska 477 (D. Alaska 1951); United States ex rel. Knight v. Ragen, 337 F.2d 425 (7th Cir. 1964), cert. denied, 380 U.S. 985, 85 S.Ct. 1355, 14 L.Ed.2d 277 (1965).