**Gary Steven KRIST, Petitioner-Appellant,**

v.

**S. Lamont SMITH, Warden, Georgia State Prison, Respondent-Appellee.**

**No. 29976**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Feb. 26, 1971.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al, 5th Cir. 1970, 431 F.2d 409, Part I.

Gary S. Krist, pro se.

Arthur K. Bolton, Atty. Gen., Harold N. Hill, Jr., Executive Asst. Atty. Gen., William R. Childers, Jr., Marion O. Gordon, Asst. Attys. Gen., Atlanta, Ga., for respondent-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Appellant, a Georgia state prisoner, filed his petition in the court below under 42 U.S.C. § 1983, seeking an injunction to obtain his permanent release from "solitary confinement" alleging that he was so confined by the whim of prison officials. He also complained of the prison menu; censorship of his mail; lack of medical care; the infrequency of shower facilities; lack of exercise; and lack of access to legal materials, library, and religious services.

After holding an evidentiary hearing, the District Court denied relief, 309 F. Supp. 497, finding that appellant was not in punitive solitary confinement, but was in administrative segregation due to his classification as an escape risk. Appellant has three escapes from penal institutions on his record. The court below held that the remaining allegations were matters of internal prison administration with which federal courts will not interfere except where paramount federal constitutional or statutory rights intervene.

A reading of the record, including the transcript of the evidentiary hearing held below, reveals no clear error in the findings below. Further, appellant's other complaints involve only matters of internal prison administration with which federal courts will not interfere. Haggerty v. Wainwright, 5th Cir. 1970, 427 F.2d 1137; Conklin v. Wainwright, 5th Cir. 1970, 424 F.2d 516; Brown v. Wainwright, 5th Cir. 1969, 419 F.2d 1308; Beard v. Lee, 5th Cir. 1968, 396 F.2d 749. The judgment below is affirmed.[1]

Affirmed.

1. In his appellate brief appellant stated that since docketing the appeal he was released to the general prison population, but was subsequently returned to solitary. The state, in its brief, responded that appellant was twice apprehended making preparations to escape.

In a supplemental memorandum, petitioner has also presented facts alleging that he has lost further privileges, supposedly as punishment for prosecuting this appeal. None of these facts were before the court below, and therefore we may not properly consider them on this appeal.