Harold G. WOOLSEY, Petitioner-
Appellant,

v.

Dr. George J. BETO, Director, Texas De-
partment of Corrections, Respondent-
Appellee.

No. 71–1356

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 28, 1971.

Rehearing and Rehearing En Banc
Denied Jan. 12, 1972.

Harold G. Woolsey, pro se.

Crawford C. Martin, Atty. Gen., Larry
Craddock, Jr., Austin, Tex., for respond-
ent-appellee.

Before BELL, AINSWORTH, and
GODBOLD, Circuit Judges.

PER CURIAM:

This prison administration case,
brought under the civil rights jurisdic-
tion of the court and seeking injunctive
relief and damages, was dismissed on
the pleadings. 42 U.S.C.A. § 1983. The
district court was of the view that no
one of the several complaints asserted
rose to the level of a constitutionally
cognizable claim. We affirm in part
and reverse in part.

The district court viewed the claims
of appellant as embracing matters of in-
ternal prison operation and administra-
tion such as were beyond the scope of
federal inquiry. Cf. Granville v. Hunt,
5 Cir., 1969, 411 F.2d 9. We agree as to
all matters except the contentions hav-
ing to do with unreasonable punitive
work assignments and resulting solitary
confinement within the context of appel-
lant's alleged tubercular condition. Our
conclusion is that these contentions, tak-
en together, state a claim within the
teaching of Granville v. Hunt that feder-
al courts will interfere with prison ad-
ministration only in extreme circum-
stances. See also Schack v. State of
Florida, 5 Cir., 1968, 391 F.2d 593.

■ The alleged imposition of unrea-
sonable punitive work assignments and
solitary confinement with the deliberate
and knowing effect of activating appel-
lant's tubercular condition states a cause
of action under notice pleading concepts
in light of the cruel and unusual punish-
ment prohibition of the Eighth Amend-
ment as applied to the states through
the Fourteenth Amendment. Beard v.
Lee, 5 Cir., 1968, 396 F.2d 749, 751.

Whether there were in fact unreason-
able punitive work assignments coupled
with resulting solitary confinement and

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et
al., 5 Cir., 1970, 431 F.2d 409, Part I.

whether appellant became an active tubercular patient as a result thereof are questions which remain for determination under summary judgment or trial procedure. Therefore, under notice pleading concepts and given the supplementary civil rights remedy principle of Monroe v. Pape, 1961, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492, it was error to dismiss the complaint on the pleadings.

Affirmed in part; reversed and remanded in part for further proceedings not inconsistent herewith.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

### PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.